## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.   12-60298-CR-SCOLA/SNOW

**UNITED STATES OF AMERICA**

v.

**RAEES ALAM QAZI,**
   **a/k/a "Shan," and**
**SHEHERYAR ALAM QAZI**
         Defendants.
_____

## GOVERNMENT'S RESPONSE TO
## THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order.  This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.  1.  Copies of written statements made by the defendants are attached. Additional copies of written statements and audio/video recordings will be provided.

Disk 1 contains various document bates numbered 1-867.  Disks 2-3 contain photographs and various documents.  The disks can be picked up at the US Attorney's office.

2.  That portion of the written record containing the substance of any oral statement made by the defendants before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is contained in the Disk 1.

3.  No defendant testified before the Grand Jury.

4.  The NCIC records of the defendants are attached and contained in Disk 1.

5.  Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a

mutually convenient time at the Office of the United States Attorney, 99 Northeast 4th Street, Miami, Florida, Suite 800.  Please call the undersigned to set up a date and time that is convenient to all parties.

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6.      If any physical or mental examinations or scientific tests or experiments are made in connection with this case, they will be provided upon receipt.

B.      DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order.  This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.      The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D.      The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E.      The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.      Defendant was identified in a lineup, show up, photo spread or similar identification proceedings.  The photograph will be provided upon receipt.

G.      The government has advised its agents and officers involved in this case to preserve all rough notes.

H.      The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.    The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.  However, the undersigned has filed a Notice of Intent to Use FISA Information.

J.    The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.    No drug contraband is involved in this indictment.

L.    The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession. The vehicle seized on November 29, 2012, has already been agreed by the parties to return.

M.    The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.  If any are identified in the future they will be provided.

N.    To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.    The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial.  These stipulations will be discussed at the discovery conference.

P.    At the discovery conference, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

Time: Various
Date: July 2011- November 29, 2012
Place: Broward County and elsewhere

The items produced in this response are Disk 1, Bates numbered 1- 867, and Disks 2-3. Please contact the undersigned Assistant United States Attorney if any pages or cds are missing.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY


By:  /s/ Karen E. Gilbert
Karen E. Gilbert
Assistant United States Attorney
Florida Bar No. 771007
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961- 9161
Fax: (305) 536- 4675

cc:    Special Agent Paul Carpinteri
FBI




**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** hereby certify that on December 21, 2012, I electronically filed

the foregoing with the Clerk of the Court by using the CM/ECF system.


     /s/ Karen E. Gilbert
Assistant United States Attorney

4