UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60298-CR-SCOLA

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

SHEHERYAR ALAM QAZI,
    Defendant.
_____/

# DEFENDANT'S MOTION TO COMPEL THE GOVERNMENT TO PROVIDE HIM WITH ADVANCE NOTICE OF ITS INTENT TO USE OR DISCLOSE INFORMATION THAT WAS OBTAINED PURSUANT TO 50 U.S.C. § 1881a

Pursuant to 50 U.S.C. §§ 1806(c), 1806(e), and 1881e(a), Mr. Qazi, through undersigned counsel, files this motion and in support thereof states the following:

1. Mr. Qazi is charged by indictment with one count of conspiracy to provide material support to terrorists and one count of conspiring to use a weapon of mass destruction.

2. Section 702 of the Foreign Intelligence Surveillance Act of 1978 (hereinafter "FISA"), codified at 50 U.S.C. § 1881a,[1] permits the Attorney General of the United States and the Director of National Intelligence to obtain foreign intelligence information by jointly authorizing the surveillance of persons who are not United States persons and who are reasonably believed to be located outside the United States. Before authorizing such surveillance, the Attorney General and the Director of National Intelligence must typically obtain the approval of the Foreign Intelligence Surveillance Court.

---

[1] 50 U.S.C. § 1881a was enacted as part of the FISA Amendments Act of 2008.

1

3. In *Clapper v. Amnesty International USA*, 133 S. Ct. 1138, 1142 (2013), attorneys and various human rights organizations, labor organizations, legal organizations, and media organizations brought an action in which they sought a declaration finding 50 U.S.C. § 1881a to be unconstitutional as well as an injunction against surveillance authorized by that statute. The plaintiffs argued that the defendants lacked Article III standing. *Clapper*, 133 S. Ct. at 1142. In response, the defendants maintained that they had standing because the constitutionality of § 1881a could not otherwise be challenged. *Id.* at 1154. It would be wrong, the defendants argued, to "insulate the government's surveillance activities from meaningful judicial review." *Id.*

Although the Supreme Court ultimately held that the defendants did not have standing, the Court rejected the notion that its holding insulated § 1881a from judicial review in part because "if the Government intends to use or disclose information obtained or derived from a § 1881a acquisition in judicial or administrative proceedings, it *must* provide advance notice of its intent, and the affected person may challenge the lawfulness of the acquisition. §§ 1806(c),1806(e), 1881e(a) (2006 ed. And Supp. V)" (emphasis added). *Clapper*, 133 S. Ct. at 1154.

4. On December 27, 2012, Senator Diane Feinstein (D-CA) stated the following on the floor of the U.S. Congress:

> There is a view by some that this country no longer needs to fear attack. I don't share that view, and I have asked the intelligence committee staff to compile arrests that have been made in the last 4 years in America on terrorist plots that have been stopped. There are 100 arrests that have been made between 2009 and 2012. There have been 16 individuals arrested just this year alone. Let me quickly review some of these plots. Some of these may arrests come about as a result of this program. Again, if Members want to see the specific cases where *FISA Amendments Act*

2

> *authorities* were used, they can go and look at the classified background of these cases.
>
> *First, in November, 1 month ago, two arrests for conspiracy to provide material support to terrorists and use a weapon of mass destruction. That was Raees Alam Qazi and Sheheryar Alam Qazi. They were arrested by the FBI in Fort Lauderdale, FL.* The next case is another conspiracy to provide material support. Arrested were Ralph Deleon, Miguel Alejandro Santana Vidriales and Arifeen David Gojali. These three men were planning to travel to Afghanistan to attend terrorist training and commit violent jihad; third, was a plot to bomb the New York Federal Reserve Bank; fourth, a plot to bomb a downtown Chicago bar; fifth, a conspiracy to provide material support to the Islamic Jihad Union; sixth, a plot to carry out a suicide bomb attack against the U.S. Capitol in February of 2012; seventh, a plot to bomb locations in Tampa, FL; eighth, a plot to bomb New York City targets and troops returning from combat overseas; ninth, a plot to assassinate the Saudi Ambassador to the United States; and it goes on and on and on.
>
> *So I believe the FISA Amendments Act is important and these cases show the program has worked.* As the years go on, I believe good intelligence is the most important way to prevent these attacks.
>
> *Information gained through programs such as this one—and through other sources as well—is able to be used to prevent future attacks. So, in the past 4 years, there have been 100 arrests to prevent something from happening in the United States, some of these plots have been thwarted because of this program. I think it is a vital program. We are doing our level best to conduct good oversight and keep abreast of the details of the program and to see that these reports come in. I have tried to satisfy Senator WYDEN but apparently have been unable to do so. I am hopeful the Senate Intelligence Committee's 13-to-2 vote to reauthorize this important legislation will be considered by all Members.*

Page S8393 of the Congressional Record dated December 27, 2012.  (Emphasis added.)

     5.    Based upon Senator Feinstein's statements, it is clear that at least some of the information that was obtained about Mr. Qazi in the present case was acquired pursuant to the FISA Amendments Act of 2008 (which encompasses 50 U.S.C. § 1881a).  Accordingly, the

3

government is required by *Clapper* to provide Mr. Qazi with advance notice of its intent to use or disclose information obtained or derived from its § 1881a acquisition in the present case.

6. Nevertheless, the government has failed to do so. In its Notice of Intent to Use Foreign Intelligence Surveillance Act Information (DE 10), the government cited to 50 U.S.C. §§ 1806(c) and 1825(d), but its notice makes no mention of 50 U.S.C. § 1881a.

7. Therefore, Mr. Qazi, through undersigned counsel, is requesting that this Court compel the government to provide undersigned counsel with advance notice of its intent to use or disclose information obtained or derived from its § 1881a acquisition in the present case.

8. Undersigned counsel contacted opposing counsel, Assistant U.S. Attorney Karen Gilbert, who stated that the government objects to the Court granting this motion because the government has previously provided the proper notice.

9. Based upon the above-stated arguments, Mr. Qazi maintains that the government has *not* provided the proper notice and therefore requests that the Court grant this motion.

Respectfully submitted,

/s/ Ronald S. Chapman
Ronald S. Chapman (Bar No. 898139)
400 Clematis Street, Suite 206
West Palm Beach, FL 33401
Tel (561) 832-4348
Fax (561) 832-4346
Email: ronchapman@bellsouth.net
Attorney for defendant Sheheryar Qazi

## Certificate of Service

Undersigned counsel certifies that on April 22, 2013 this motion was electronically filed with the Clerk of Court using CM/ECF, and it was electronically transmitted to all counsel of record.

/s/ Ronald S. Chapman
Ronald S. Chapman