UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60298-CR-SCOLA/O'SULLIVAN

UNITED STATES OF AMERICA,

      Plaintiff,

v.

SHEHERYAR ALAM QAZI,

      Defendant.

_____/

## DETENTION ORDER

On April 23, 2013, this Court held a hearing pursuant to Title 18 U.S.C. § 3142(f) in the above-entitled case to determine whether the defendant, Sheheryar Alam Qazi ("Defendant"), should be detained prior to trial.

Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings. Therefore, the Court orders that the Defendant be detained until trial.

In accordance with the provisions of 18 U.S.C. § 3142(i)(1), this Court makes the following findings of fact and statement of reasons for the detention:

1. The Defendant has been charged by Indictment with having committed two crimes: conspiring to provide material support to terrorists, in violation of 18 U.S.C. § 2339A(a) (Count 1), and conspiring to use a weapon of mass destruction, in violation of 18 U.S.C. §

2332a(a)(Count 2). Both Counts 1 and 2 trigger the presumption for pretrial detention under 18 U.S.C. § 3142(e).

2. If convicted of Count 1, the Defendant faces a statutory maximum sentence of 15 years; if convicted of Count 2, the Defendant faces a statutory maximum sentence of life imprisonment.

3. The weight of the government's evidence against the Defendant is sufficient to support pretrial detention.

4. The nature of the charges, coupled with the lengthy sentence of incarceration the Defendant is likely to receive if convicted, provide a strong incentive for him to flee to avoid prosecution.

5. The Defendant is 30 years old, has limited financial assets in the United States, he owns no real property here, and his employment, as a cab driver, is a kind that he might easily establish elsewhere.

6. The Defendant is a native of Pakistan and moved to this country in 2000, where he has become a naturalized citizen. He has extended family in Pakistan and it appears that it would not be difficult for the Defendant to relocate himself, and potentially his immediate family, there.

This Court specifically finds that the Government has demonstrated by a preponderance of the evidence that there are no conditions or combination of conditions which would reasonably assure the defendant's appearance at trial, as required under Title

2

18 U.S.C. § 3142.

The Court hereby directs that:

a.      Defendant be detained without bond;

b.      Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

c.      Defendant be afforded reasonable opportunity for private consultation with counsel;

d.      On order of a Court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined, shall deliver defendant to a United States Marshal for the purpose of an appearance in connection with any court proceeding.

DONE AND ORDERED at Miami, Florida this 23rd day of April, 2013.

CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc:   Pretrial Services
      U.S. Marshals Service
      AUSA Adam Fels
      Ronald Chapman, Esq.