UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 12-60298-CR-SCOLA/O'SULLIVAN

UNITED STATES OF AMERICA,

 Plaintiff,

v.

RAEES ALAM QAZI a/k/a "Shan," and
SHEHERYAR ALAM QAZI,

 Defendants.
_____/

ORDER

 THIS MATTER is before the Court on the Defendant's Amended Motion to Compel the Government to Provide Him with Advance Notice of Its Intent to Use or Disclose Information Obtained or Derived Pursuant to the FISA Amendments Act (FAA), 50 U.S.C. § 1881a.  (DE# 67, 4/22/13)  The Court granted co-defendant, Raees Alam Qazi's motion to adopt the amended motion to compel. See Order (DE# 73, 4/24/13). This matter was referred to the undersigned by the Honorable Robert N. Scola, Jr. in accordance with 28 U.S.C. § 636(b) (DE# 55, 4/15/13).  Having reviewed the motion, response and reply, it is

 ORDERED AND ADJUDGED that the Defendant's Amended Motion to Compel the Government to Provide Him with Advance Notice of Its Intent to Use or Disclose Information Obtained or Derived Pursuant to the FISA Amendments Act (FAA), 50 U.S.C. § 1881a (DE# 67, 4/22/13) is GRANTED.  It is further

 ORDERED AND ADJDUGED that the government shall disclose to the defendants: 1) whether the electronic surveillance described in the government's FISA notices (DE# 9 and 10) was conducted pursuant to the pre-2008 provisions of FISA or, instead, the FAA; and 2) whether the affidavit and other evidence offered in support of any FISA order relied on information obtained under or derived from an FAA surveillance order.

## DISCUSSION

The defendants seek advance notice from the government as to whether it intends to use evidence obtained under or derived from surveillance authorized by the FISA Amendments Act of 2008 ("FAA"). In its response (DE# 75, 4/25/13), the government states that it provided notice to the defendants and the Court (DE# 9 and 10, 12/6/12) and that the defendants' amended motion should be denied as moot.

The scope of surveillance under the FAA differs from surveillance under traditional FISA and raises significantly different constitutional questions. The defendants maintain that notice of the legal authority for the government's surveillance is required by statute and the U.S. Constitution, implicates no classified information, and is required for the defendants to challenge the admissibility of any evidence obtained directly or as the fruit of the FAA surveillance. The defendants want to know whether the government intends to use information that was obtained or derived from surveillance authorized by the FAA. See 50 U.S.C. §§ 1881e(a), 1806(c). Without such notice, the defendants contend that they cannot fairly and effectively challenge the evidence that the government intends to use against them.

Before passage of the FAA in 2008, FISA generally foreclosed the government from engaging in "electronic surveillance" without first obtaining an individualized and particularized order from the Foreign Intelligence Surveillance Court ("FISC"). To obtain an order from the FISC, the government had to satisfy certain requirements including that a "significant purpose" of the surveillance was to obtain "foreign intelligence information." 50 U.S.C. § 1805(a)(2)(B).

When FISA was amended in 2008, the FAA provided legislative authority for the warrantless surveillance of U.S. citizens' and residents' communications. Although the FAA left FISA intact regarding communications known to be purely domestic, the FAA expanded FISA by allowing the mass acquisition of U.S. citizens' and residents' international communications without individualized judicial oversight or supervision. See Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1143-44 (2013). Under the FAA, the Attorney General and Director of National Intelligence ("DNI") may "authorize jointly, for a period of up to one year … the targeting of persons reasonably believed to be

located outside the United States to acquire foreign intelligence information." 50 U.S.C. § 1881(a).

In Clapper, the Supreme Court explained that "if the Government intends to use or disclose information obtained or derived from a §1881(a) acquisition in judicial or administrative proceedings, it must provide advance notice of its intent, and the affected person[s] may challenge the lawfulness of the acquisition." Id. at 1154.  Accordingly, the Defendant's Amended Motion to Compel the Government to Provide Him with Advance Notice of Its Intent to Use or Disclose Information Obtained or Derived Pursuant to the FISA Amendments Act (FAA), 50 U.S.C. § 1881a (DE# 67, 4/22/13) is GRANTED and the government shall provide notice of its intent to use or disclose information obtained or derived from a §1881(a) acquisition in this action.

DONE AND ORDERED in Chambers at Miami, Florida this **6th** day of May, 2013.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
United States District Judge Scola
All counsel of record