UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   12-60298-SCOLA /O'SULLIVAN

UNITED STATES OF AMERICA

vs.

RAEES ALAM QAZI
 and
SHEHERYAR ALAM QAZI,

          **Defendants.**
_____/

**GOVERNMENT'S MOTION FOR RECONSIDERATION OF THE COURT'S
ORDER GRANTING DEFENDANT'S AMENDED MOTION TO COMPEL
NOTICE OF ITS INTENT TO USE INFORMATION DERIVED
PURSUANT TO THE FISA AMENDMENTS ACT (FAA)**

The United States of America, by and through the United States Attorney for the Southern District of Florida, requests that this Court reconsider its Order (DE 77) entered in this case on May 6, 2013.   The "Defendant's Amended Motion to Compel the Government to Provide Him with Advance Notice of its Intent to Use or Disclose Information Obtained or Derived Pursuant to the FISA Amendments Act (FAA), 50 U.S.C. § 1881a" (DE 67, hereinafter "motion") requested "that this Court compel the [G]overnment to provide undersigned counsel with advance notice of its intent to use or disclose information obtained or derived from its §1881a[1] acquisition in the present case." Motion at 5.   However, on May 2, 2013, the

---

[1] Section 1881a was added to FISA by the FISA Amendments Act (FAA) as a new Title VII of FISA ("Additional Procedures Regarding Certain Persons Outside the United States"), Title 50, United States Code, Sections 1881-1885c.

1

Defendant filed his Reply (DE 76, hereinafter "Reply") to the Government's Response in which he sought **additional relief** not sought in the original motion. Specifically, he asked this Court to compel the Government to answer the following question: "[w]hether the affidavit and other evidence offered in support of any FISA order relied on information obtained under or derived from an FAA surveillance order." Motion at 16. In doing so, the defendant ignored Local Rule 7.1(c), which states that a Reply shall be strictly limited to a rebuttal of the matters raised in the Response.

In its Order, the Court has directed the Government to disclose to the defendant "1) whether the electronic surveillance described in the government's FISA notices (DE 9 and 10) was conducted pursuant to the pre-2008 provisions of FISA or, instead, the FAA; and 2) whether the affidavit and other evidence offered in support of any FISA order relied on information obtained under or derived from an FAA surveillance order." The second directive addresses a new request raised by the defendant for the first time in his Reply, and which thereby deprived the Government of an opportunity to address that issue prior to the Court's Order.[2] Furthermore, the Court's second directive would require the Government to reveal classified material.

**The Court's First Directive**

The Government does not seek reconsideration of the first directive of the Court's Order, but notes that it has on multiple occasions, including in its Response to the instant motion, provided both the defendant and the Court with notice that any FISA-obtained or -derived information that it would enter into evidence was acquired pursuant to Title I and Title III of FISA. To be clear, the answer to the Court's first directive is that the electronic

---

[2] Furthermore, the question posed is essentially a civil discovery interrogatory, and is not proper under Rule 16 discovery.

surveillance described in the Government's FISA notices (DE 9 and 10) was conducted "pursuant to the pre-2008 provisions of FISA."[3]

The defendant has misread 50 U.S.C. § 1881e(a) to incorrectly conclude that it provides the Government with a "license to 'rebrand' or 'relabel' its FAA surveillance as traditional FISA surveillance." Reply at 9. Section 1881e(a) specifies that "information acquired from an acquisition conducted under [the FAA] shall be deemed to be information acquired from an electronic surveillance pursuant to title I for purposes of section 106." Section 106 of Title I is codified at 50 U.S.C. § 1806, Use of Information, and it sets out the procedures for using the fruits of FISA-authorized electronic surveillance at trial, including: requiring that notice be provided to the defendant and the court; setting forth the bases for motions to disclose or to suppress FISA-obtained or -derived information; providing for *ex parte, in camera* review of such motions; and defining the responsibility of the reviewing court. Section 1806 of FISA is procedural, and Section 1881e(a) incorporates those procedural rules for application in the event that information obtained or derived from FAA electronic surveillance were to be introduced into evidence or otherwise used by the Government in a proceeding. Nothing in either Section 1806 or Section 1881e(a) provides a "license to 'rebrand' or 'relabel' FAA surveillance as traditional FISA surveillance," and, the Government has not done so here.

**The Court's Second Directive**

The Court's second directive is that the Government state "whether the affidavit and other evidence offered in support of any FISA order relied on information obtained under or derived from an FAA surveillance order." The defendant's request for disclosure of information

---

[3] The Government notes that although the Court has used the phrase "pre-2008 provisions of FISA," to distinguish Title I and Title III of FISA from the 2008 FAA, those same provisions of Title I and Title III continued in effect post-2008.

that may be in an application to the Foreign Intelligence Surveillance Court (FISC) not only exceeds the notice provision of 50 U.S.C. § 1806(c), on which his motion is predicated, but it is duplicative of the "Defendant's Motion to Compel the Government to Provide Him with Applications, Orders, and Any Other Materials Relating to Electronic Surveillance in the Instant Case" (DE 45, Motion to Compel).

The defendant's Motion to Compel will be addressed according to the briefing schedule that the Court has established. Accordingly, the Government will file with the Court, on or before June 14, 2013, both a classified and an unclassified memorandum in opposition to the motion to compel. The classified filing will be supported by a number of additional documents, including a Declaration and Claim of Privilege by the Attorney General that will trigger the *ex parte, in camera* procedural provisions of 50 U.S.C. § 1806(f), which are designed to allow the Court to determine whether the challenged FISA-authorized electronic surveillance and physical searches were both lawfully authorized and conducted, while protecting sensitive national security information from disclosure. FISA "anticipates that an *ex parte*, *in camera* determination is to be the rule," because "Congress recognized the need for the Executive to engage in and employ the fruits of clandestine surveillance without being constantly hamstrung by disclosure requirements." *United States v. Belfield*, 692 F.2d 141, 147-48 (D.C. Cir. 1982); *accord, United States v. Medunjanin,* No. 10 CR 19 1 (RJD), 2012 WL 526428, at *5 (S.D. N.Y. Feb. 16, 2012) ("In FISA Congress has made a thoroughly reasonable attempt to balance the competing concerns of individual privacy and foreign intelligence," *citing Belfield*, 692 F.2d at 148).

The defendant is attempting an end-run around Section 1806(f)'s procedural safeguards by asking the Court to compel the Government to disclose, in advance of the Court's filing deadline, information that may or may not be contained in classified material on file with the FISC. FISA's legislative history records Congress's intention to prevent such end runs by providing that the procedures set out in 50 U.S.C. § 1806(f) are the exclusive means of addressing motions to disclose FISA materials: "This is necessary to prevent the carefully drawn procedures set out in [50 U.S.C. § 1806(f)] from being bypassed by the inventive litigant using a new statute, rule or judicial construction." S. Rep. No. 95-701, 95th Cong., 2d Sess. 1978, 63, 1978 U.S.C.C.A.N. 3973. *See also, Belfield,* 692 F.2d at 146 ("Congress was adamant in enacting FISA that the "carefully drawn procedures" of this section are not to be "bypassed by the inventive litigant using a new statute, rule or judicial construction"").

A similar request that the Government be ordered to disclose classified information contained in materials on file with the FISC was rejected by the Honorable Robert N. Scola, Jr., in *United States v. Hafiz Muhammad Sher Ali Khan, et al.,* Case No. 11-20331-Cr-Scola ("Upon review of the Government's Motion, as well as the Government's Classified Appendix, the Court has determined that the Government has presented a compelling argument for the non-disclosure of the information sought by Defendant Hafiz Khan in his Motion for Clarification." Order on Government's Motion to Reconsider, DE 285 in *Khan*). The motion in *Khan* sought the disclosure of information similar to that at issue here, but in that case, the motion was filed after the Court had conducted its *in camera, ex parte* review of the Government's classified submission, and Judge Scola was thus fully aware of the gravity of the issues involved.[4]

---

[4] No court has ever ordered the disclosure of classified information contained in materials on file with the FISC, *see e.g., In re Grand Jury Proceedings of Special April 2007 Grand Jury*, 347 F.3d 197, 203 (7th Cir. 2003), where the

5

CONCLUSION

WHEREFORE, the United States respectfully requests that the Court reconsider its Order and strike therefrom its second directive that the Government state "whether the affidavit and other evidence offered in support of any FISA order relied on information obtained under or derived from an FAA surveillance order." In the alternative, the Government requests that the Court hold the second directive of its Order in abeyance until the Court has the opportunity to review, *in camera* and *ex parte*, the Government's classified submission to be filed on June 14, 2013.

        Respectfully submitted,

        WIFREDO A. FERRER
        UNITED STATES ATTORNEY

By:   */s/ Karen E. Gilbert*
       Karen E. Gilbert
       Fla. Bar No. 771007
       Assistant United States Attorney
       99 N.E. 4th Street, Suite 800
       Miami, Florida 33132-2111
       Telephone Number (305) 961-9161
       Fax Number (305) 536-4675

---

Seventh Circuit noted that *United States v. Sattar* (No. 02 CR 395-JGK, 2003 WL 22137012, at *6 (S.D.N.Y. Sept. 15, 2003)) collected cases holding that "no court has ever ordered disclosure of FISA materials."

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of this pleading was filed on May 9, 2013, via the Court's Cm/ECF filing system.

>*/s/ Karen E. Gilbert*
>Assistant United States Attorney