UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   12-60298-SCOLA /O'SULLIVAN

UNITED STATES OF AMERICA

vs.

RAEES ALAM QAZI
 and
SHEHERYAR ALAM QAZI,

            **Defendants.**
_____/

**GOVERNMENT'S REPLY TO DEFENDANT'S "[RESPONSE] TO THE
GOVERNMENT'S MOTION FOR RECONSIDERATION OF THE COURT'S
ORDER GRANTING DEFENDANT'S AMENDED MOTION TO COMPEL THE
GOVERNMENT TO PROVIDE HIM WITH ADVANCE NOTICE OF ITS
INTENT TO USE OR DISCLOSE INFROMATION OBTAINED OR
<u>DERIVED PURSUANT TO THE FISA AMENDMENTS ACT (FAA)"</u>**

The United States of America, by and through the United States Attorney for the Southern District of Florida, files this Reply to the Defendant's [Response] to the Government's Motion for Reconsideration (DE 83).[1]  The Defendant's Response conflates two very different issues: whether he has been provided with the notice mandated by the Foreign Intelligence Surveillance Act (FISA), 50 U.S.C. §§ 1806(c), 1825(d), which he has; and whether he is entitled to know what information may or may not have been presented to the Foreign Intelligence Surveillance Court (FISC) to obtain FISA warrants and orders, which he is not.  No

---

[1] Defendant styled his filing as a "Reply."

1

court has ever required the Government to disclose to defendants the information that was presented to the FISC to obtain a FISA warrant, or to provide notice as to its source, and this court should not do so now.

FISA requires the Government, before using at trial "against an aggrieved person[] any information obtained or derived from an electronic surveillance of that aggrieved person pursuant to the authority of [FISA]," to "notify the aggrieved person and the court . . . that the Government intends to so disclose or so use such information." 50 U.S.C. § 1806(c); *see also* 50 U.S.C. § 1825(d) (same requirement for physical search). Section 706 of FISA provides that "[i]nformation acquired from an acquisition conducted under section 702 [or section 703] shall be deemed to be information acquired from an electronic surveillance pursuant to title I for purposes of section 106." 50 U.S.C. § 1881e. The statute does not on its face require the Government to disclose to Defendants whether the information from "electronic surveillance" that it intends to use was obtained under the authority of sections 702 or 703, or instead under title I of FISA – what the Court has referred to as "traditional FISA." Nevertheless, the Government has gone beyond the minimum statutory requirement in this case and informed Defendants that the communications that the Government intends to use in this case were acquired pursuant to FISA warrants and orders issued under 50 U.S.C. §§ 1805 and 1824, as opposed to title VII of FISA (the FISA Amendments Act or "FAA").

The additional relief the Defendant now seeks – the right to know whether the affidavit and other evidence offered in support of any FISA order relied on information obtained under or derived from an FAA surveillance order – is unwarranted and unprecedented. Defendant is entitled only to notice of whether FISA-obtained or derived material will be used at trial. He is

2

not entitled under FISA's notice provisions to know the content of the FISA applications or the authority under which the Government obtained such content. That is an issue the Court may examine if necessary in connection with the Defendant's motion to disclose FISA materials, *after* the Government submits an *ex parte*, *in camera* filing in response to such motion. *See* 50 U.S.C. § 1806(f) (describing the process that is followed when an aggrieved person files a motion "to discover or obtain applications or orders or other materials relating to electronic surveillance or to discover, obtain, or suppress evidence or information obtained or derived from electronic surveillance under the Act"). The Government has not yet made its classified § 1806(f) submission, and consequently the Court should grant the Government's motion for reconsideration of its Order that the Government provide the Defendant with notice of whether information in the affidavit or other evidence submitted in support of its FISA applications was obtained under or derived from an FAA surveillance order under § 1881a.

Defendant contends that the disclosure he seeks "is essential to his ability to challenge the constitutionality of FAA surveillance and the admissibility of its fruit." Response at 13 (DE 76). This is not so. The nature of FISA suppression litigation dictates that a defendant will not know the contents of relevant FISC materials, and thus will generally be making arguments based, at least in part, on speculation and "pure assertion." *United States v. Belfield*, 692 F.2d 141, 148 (D.C. Cir. 1982). This is the result of Congress' "thoroughly reasonable attempt to balance the competing concerns of individual privacy and foreign intelligence." *Id.*; *see also United States v. Mubayyid*, 521 F. Supp. 2d 125, 131 (D. Mass. 2007) (quoting *Belfield*). In fact, Raees Qazi filed a Motion to Suppress Evidence Derived From FISA Intercepts today. (DE 87).

Notwithstanding his protestations to the contrary, Defendant is attempting an end-run around § 1806(f)'s procedural safeguards by seeking a disclosure about the information in classified applications to the FISC.[2] The Defendant's inquiry into the legal authority under which information in an application may have been obtained is clearly discovery into the application to the FISC itself. Indeed, in the context of the FAA, disclosure of this source of legal authority reveals to the defendant substantive information about the nature of the Government's intelligence activities, since the FAA may only be used to target certain persons outside the United States. There is no legal requirement that the Government disclose such information.

Congress provided that § 1806(f) is the exclusive means of addressing a defendant's efforts to obtain discovery into FISA applications and orders: "This is necessary to prevent the carefully drawn procedures in [50 U.S.C. § 1806(f)] from being bypassed by the inventive litigant using a new statute, rule or judicial construction." S. Rep. No. 95-701, 95th Cong., 2d Sess. 63, 1978 U.S.C.C.A.N. 3973; *see also United States v. Belfield,* 692 F.2d 141, 146-48 (D.C. Cir. 1982) (noting that Congress "was adamant" that the "carefully drawn procedures" of this section are not to be "bypassed by the inventive litigant using a new statute, rule or judicial construction"). Here we are confronted with such an "inventive litigant" who seeks access to information about FISA applications while sidestepping § 1806(f). Indeed, while Defendant claims that he seeks the "*legal basis* for the government's interception of Mr. Qazi's electronic communications," Response at 6 (emphasis in original), he has already been provided with the

---

[2] On page 4 of his Response, the Defendant states that the Court's Order (DE 77) requires the Government to state "whether any FISA order obtained in this case was predicated upon FAA surveillance." The Government agrees with that assessment of the Order, which is why we have asked the Court to reconsider. There is no provision in FISA for the disclosure of the predication for FISA orders and warrants under the rubric of proving notice of an intention to introduce the fruits of FISA electronic surveillance and physical searches at trial.

4

legal basis for intercepting the information that the Government plans to use at trial, namely 50 U.S.C. §§ 1805 and 1824. What he is really seeking is the underlying predication for the surveillance that was established in the materials accompanying the Government's application to the FISC, and that falls squarely under the *ex parte*, *in camera* review provision of § 1806(f) and not the notice provision of § 1806(c).

In this case, some of the evidence that the Government will introduce at trial was obtained from electronic surveillance and physical searches conducted pursuant to FISA warrants and orders issued under §§ 1805 and 1824. The Defendant has been repeatedly notified of this fact and has filed a motion to disclose FISA Materials as a consequence of receiving such notice. The Court will assess the motion to disclose FISA Materials, and the Government's classified Response thereto, *in camera* and *ex parte*, in accordance with §§ 1806(f) and 1825(g), and the briefing schedule previously set by the Court. Sections 1806(f) (electronic surveillance) and 1825(g) (physical search) permit the Court to order disclosure of FISA materials to the defendant *only* if the Court determines, after considering the Government's classified filing, that doing so is "necessary to make an accurate determination of the legality of the surveillance." 50 U.S.C. § 1806(f). And, §§ 1806(g) (electronic surveillance) and 1825(h) (physical search) permit the Court to order disclosure of any FISA materials as required by Due Process. Those are the only statutory bases on which the Court may order disclosure of FISA materials, and they do not come into play until after the Court considers the Government's § 1806(f) filing.[3]

Finally, Defendant contends that, if information obtained through a Section 1881a-authorized surveillance was used to obtain a § 1805 order which in turn led to the acquisition of communications that the Government intends to use in this case, then those communications

---

[3] No court has ever required such a disclosure after having been afforded an opportunity to review the Government's *ex parte*, *in camera* filing.

5

were "derived" from the use of § 1881a.  Defendant contends that *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138 (2013), holds that "if the Government relied on FAA surveillance in support of any FISA application in this case, then the resulting FISA evidence is 'derived' from FAA surveillance," Response at 5, but *Clapper* does not contain any such holding.  The cited portion of the *Clapper* opinion states:

> [I]f the Government intends to use or disclose information obtained or derived from a § 1881a acquisition in judicial or administrative proceedings, it must provide advance notice of its intent, and the affected person may challenge the lawfulness of the acquisition. . . . Thus, if the Government were to prosecute one of respondent-attorney's foreign clients using § 1881a-authorized surveillance, the Government would be required to make a disclosure. . . . In such a situation, unlike in the present case, it would at least be clear that the Government had acquired the foreign client's communications using § 1881a-authorized surveillance.

*Id.* at 1154.  *Clapper* nowhere purports to define the meaning of "derived" in this context, and there is good reason to doubt that this term encompasses any situation where a FISA application contains information acquired pursuant to FAA surveillance.  In any event, that is an issue of statutory construction and application of the law to the facts that is not ripe for decision here.

Even assuming that Defendant's statutory interpretation was correct, he is not entitled to any additional notice at this time.  FISA entitles him to notice only of whether the Government is going to use at trial information "obtained or derived" from a FISA-authorized surveillance or physical search, which he has been given. 50 U.S.C. §§ 1806(c), 1825(d).  It does not entitle him to notice as to which provision or provisions of FISA were used to obtain the information included in affidavits offered in support of applications for the authority to conduct such surveillance or searches.  To the extent there is a question whether any information to be

disclosed or used at trial might be deemed "derived" from surveillance authorized under the FAA, that issue is a question for this Court to assess based on the classified factual record and the Government's *ex parte, in camera* filing based on that record.

## CONCLUSION

In sum, the Defendant attempts to compel disclosures the Government is not obligated to make and to sidestep the clear § 1806 framework that Congress imposed to regulate disclosure of FISA information. For the reasons stated above, the Government's Motion for Reconsideration should be granted.

          Respectfully submitted,

          WIFREDO A. FERRER
          UNITED STATES ATTORNEY

By:   */s/ Karen E. Gilbert*
      Karen E. Gilbert
      Fla. Bar No. 771007
      Assistant United States Attorney
      99 N.E. 4th Street, Suite 800
      Miami, Florida 33132-2111
      Telephone Number (305) 961-9161
      Fax Number (305) 536-4675

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading was filed on May 21, 2013, via the Court's Cm/ECF filing system.

          */s/ Karen E. Gilbert*
          Assistant United States Attorney