UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  12-60298-CR-SCOLA

UNITED STATES OF AMERICA,

     **Plaintiff,**

vs.

**RAEES ALAM QAZI**

     **Defendant.**
_____/

### DEFENDANT RAEES QAZI'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING *IN CAMERA, EX PARTE* PROCEEDING.

  Defendant Raees Alam Qazi, through undersigned counsel, respectfully requests that this Court reconsider its Order (DE 105), allowing the government to present *ex parte* and *in camera* evidence to the Court purportedly pursuant to 50 U.S.C. § 1806(f). As indicated in Defendant's Response to the Government's Motion for Reconsideration (DE 83), the Government has erroneously invoked the procedures of 50 U.S.C. § 1806(f) in this case. In the Court's Order entered on June 5th (DE 105), the Order on Defendant's Motion to Compel the Government to Provide Notice was stayed until review of the government's response was completed. Counsel renews the objection to the invocation of 50 U.S.C. § 1806(f) here, and would ask the Court to reconsider that Order.

  In an effort to avoid answering the questions that were compelled in the Court's initial Order (DE 77), the Government mischaracterizes counsel's request for notice of FAA-derived evidence as an "inventive" attempt to obtain classified information that triggers the discovery

1

procedures contained in 50 U.S.C. § 1806(f) (DE 80, p. 5). No doubt, the Government would prefer to proceed under the *ex parte* and *in camera* procedures of § 1806(f) because, as it observes in a footnote, no court has ever granted a defendant relief under such procedures. (DE 80, p. 5 n.4.) Judicial review is, of course, anathema to the stealth of intelligence agencies. But Defendant's Motion for notice *does not* ask the Government to turn over any FISA application, affidavit, or other evidence that might trigger those procedures. Rather, Defendant seeks only to know whether any FISA order *relied on* information obtained or *derived* from an FAA order—and, accordingly, the request identifies one critical type of FAA-derived evidence for notice purposes.

This request for notice calls for nothing more than a simple "yes" or "no" answer, implicates no classified information, and is directly controlled by the statutory notice provision. 50 U.S.C. § 1806(c). Requiring the Government to state, in general, whether it relied on the FAA to obtain its FISA orders is not the same as asking it to disclose the *content* of its FISA applications. The first is part and parcel of providing adequate notice, as required by subsection 1806(c) and the Supreme Court's decision in *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138 (2013). *See id*. at 1154. Nothing in that decision or the statute allows the Government to give secret, *ex parte* notice to the Court while withholding it from the Defendant. Indeed, without proper notice, a defendant could not effectively invoke the suppression rights set out in subsections 1806(e) and (g)—because he would never know of the underlying FAA surveillance. In this way, Defendant's motion for notice simply asks the government for its legal authority: that is, whether it relied on the FAA, at any stage, in obtaining the evidence it intends to use against him. The Government's answer to this question is capable of a simple "yes" or

"no" answer.

By contrast, the procedures in subsection 1806(f) are triggered only *after* notice has been given, when a defendant seeks to obtain FISC orders or applications themselves, or the evidence obtained from such an order. *See* 50 U.S.C. 1806(f). These procedures regulate the way in which a motion to suppress brought under § 1806(e) is litigated; they do not affect a defendant's initial right to notice under § 1806(c). In order to avoid getting lost in the weeds, it is crucial to distinguish between the notice and discovery provisions in this statutory scheme. Subsection 1806(c) directs the Government to "notify the aggrieved person *and* the court" of its intent to use "any information obtained or derived from an electronic surveillance of that aggrieved person." *Id.* (emphasis added). The notice requirement does not admit any exceptions, nor does it make any reference to the *ex parte* and *in camera* procedures that control discovery of surveillance materials under subsection 1806(f).

Nonetheless, the Government's interest in confusing these two issues is obvious. If it can avoid giving proper notice to defendants, as it seeks to do here, the government can avoid a challenge to the FAA altogether. In the nearly five years since the FAA was enacted, the government has never once disclosed its reliance on material obtained through FAA surveillance to counsel's knowledge. It would undoubtedly prefer to maintain that record that has rendered the government's warrantless wiretapping program essentially unreviewable in the interim.  In effect, the Government's effort to proceed in an *in camera* and *ex parte* setting would only further insulate the FAA from judicial review. Such an outcome is inconsistent with both FISA and *Clapper*.

WHEREFORE, Mr. Raees Qazi respectfully requests that this Court deny the

Government's Motion for Reconsideration as well as their request for an *in camera* and *ex parte* 1806(f) proceeding.

Respectfully submitted,

**MICHAEL CARUSO**
**FEDERAL PUBLIC DEFENDER**

By: s/ Daniel L. Ecarius
 Daniel L. Ecarius
 Supervisory Assistant Federal Public Defender
 Florida Bar No. 719765
 150 W. Flagler Street, Suite 1700
 Miami, Florida 33130-1556
 (305) 530-7000
 Fax: (305) 536-4559
 Email: daniel_ecarius@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 8, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

 s/ Daniel L. Ecarius
 Daniel L. Ecarius