UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   12-60298-SCOLA /O'SULLIVAN

UNITED STATES OF AMERICA

vs.

RAEES ALAM QAZI
 and
SHEHERYAR ALAM QAZI,

        **Defendants.**
_____/

THE GOVERNMENT'S OPPOSITION TO DEFENDANT SHEHERYAR
ALAM QAZI'S MOTION REQUESTING THAT THIS COURT
DECLARE THE FISA AMENDMENTS ACT OF 2008 UNCONSTITUTIONAL

Defendant Sheheryar Alam Qazi's ("S. Qazi") motion for a declaration that the FISA Amendments Act of 2008 ("FAA") is unconstitutional should be denied.  As described in the Government's response to Defendants' suppression motion, in this case the Government does not intend to use any information obtained or derived from FAA-authorized surveillance as to which Defendant S. Qazi is an aggrieved person.[1]  Resolving S. Qazi's challenge to the constitutionality of the FAA thus would have no effect on any aspect of this prosecution or S. Qazi's substantive

---

[1] On April 8, 2013, the Court referred to Magistrate Judge John J. O'Sullivan the Defendants' motions to compel the production of FISA materials.  On May 29, 2013, the Court referred the Defendants' motions to suppress FISA-obtained or derived evidence to Magistrate Judge O'Sullivan for report and recommendation.  Thus, the Government's response to those motions is being filed with Magistrate Judge O'Sullivan.  In Defendant S. Qazi's motion to suppress, he argues, *inter alia*, that any evidence that was obtained or derived pursuant to the FAA should be suppressed on the grounds that the FAA is unconstitutional.  This motion is therefore duplicative.

1

rights.  As a result, any decision resolving that challenge would constitute an advisory opinion outside the scope of this Court's Article III jurisdiction.  Additionally, while Defendant S. Qazi may challenge the traditional (non-FAA) FISA surveillance from which evidence that the government intends to use against him was obtained or derived (and as to which he is an aggrieved person), he may assert such a challenge only through a motion to suppress pursuant to 50 U.S.C. § 1806.  It is in that venue alone that a district court can determine the legality of any such surveillance from which evidence was obtained or derived, including the constitutionality of any statutory provision that may have authorized that surveillance.  A separate motion for a declaration of the constitutionality of the FAA is improper.

Finally, Defendant S. Qazi's motion is deficient for the additional reason that it lacks an appropriate memorandum of law.

## I. The Court Has No Jurisdiction Over a Facial Challenge to the FISA Amendments Act

It is well settled that an Article III court must "confine[] itself to its constitutionally limited role of adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties involved." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013).  As a result of that constitutional restriction, "a federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them.'" *Preiser* v. *Newkirk*, 422 U.S. 395, 401 (1975) (quoting *North Carolina* v. *Rice*, 404 U.S. 244, 246 (1971)).  A judicial ruling that purports to resolve a legal question that would not "impact [the movant's] substantive rights" thus constitutes an "impermissible advisory

opinion" prohibited by Article III.  *Jacksonville Prop. Rights Ass'n. v. City of Jacksonville*, 635 F.3d 1266, 1276 (11th Cir. 2011).

As the Government describes in its response to the Defendants' motions to suppress, the Government will not use any evidence that was obtained or derived from FAA-authorized surveillance as to which Defendant is an aggrieved person.  As such, Defendant S. Qazi's constitutional challenge to the FAA does not implicate -- and this Court's resolution of the challenge would not affect -- any of his substantive rights.  Defendant S. Qazi's motion to declare the FAA unconstitutional should therefore be denied because it requests an advisory opinion that falls outside the scope of this Court's Article III authority.

**II.    Even if the Government Were Seeking to Use Evidence Obtained or Derived from FAA-Authorized Surveillance as to Which Defendant S. Qazi Were an Aggrieved Person, the Only Forum for Raising a Challenge to the FISA Amendments Act Would Be the Procedures of 50 U.S.C. § 1806**

Even if the Government had sought to use evidence obtained or derived from FAA-authorized surveillance as to which S. Qazi was an aggrieved person (which it has not), this motion would still be meritless.  In such a scenario, the only relief Defendant S. Qazi could conceivably obtain would be suppression of the (hypothetical) evidence obtained or derived from FAA-authorized surveillance and as to which he was an aggrieved person.  But a defendant can obtain such relief *only* through a motion to suppress made pursuant to 50 U.S.C. § 1806(e), to which the Government responds pursuant to 50 U.S.C. § 1806(f).  Indeed, Defendant S. Qazi has made such a motion and the Government is filing its response to that motion concurrent with this filing.

3

Congress provided Sections 1806(e) and 1806(f) as the exclusive means by which a defendant may seek to obtain suppression of evidence obtained or derived from FISA-authorized surveillance. This is made clear by Section 1806(f)'s statement that its procedures apply "whenever any motion or request is made by an aggrieved person pursuant to any . . . statute or rule of the United States [to] suppress evidence or information obtained or derived from electronic surveillance under [FISA] . . . notwithstanding any other law." 50 U.S.C. § 1806(f). As FISA's legislative history states:

> [Section 1806] states in detail the procedure the court shall follow when . . . a suppression motion is filed . . . . This procedure applies, for example, whenever an individual makes a motion pursuant to [Section 1806] or 18 U.S.C. 3504, or any other statute or rule of the United States to discover, obtain or suppress evidence or information obtained or derived from electronic surveillance conducted pursuant to [FISA]. *Although a number of different procedures might be used to attack the legality of the surveillance, it is this procedure 'notwithstanding any other law' that must be used to resolve the question.* The committee wishes to make very clear that the procedures set out in [Section 1806] apply *whatever the underlying rule or statute referred to in the motion*. This is necessary to prevent the carefully drawn procedures in subsection (e) from being bypassed by the inventive litigant using a new statute, rule or judicial construction.

S. Rep. No. 95-701, 95th Cong., 2d Sess. 63, 1978 U.S.C.C.A.N. 3973 (emphases added). Indeed, Congress "was adamant" that the "carefully drawn procedures" of Section 1806 are not to be "bypassed by the inventive litigant using a new statute, rule or judicial construction." *United States v. Belfield,* 692 F.2d 141, 146 (D.C. Cir. 1982).

Thus, to the extent that Defendant S. Qazi attempts to litigate the legality of the traditional (non-FAA) surveillance from which the government's evidence in this case was

4

obtained or derived (and as to which he is an aggrieved person), he must do so through his motion to suppress pursuant to 50 U.S.C. § 1806.

### III. Defendant S. Qazi's Motion Is Procedurally Deficient as It Does Not Contain an Appropriate Memorandum of Law

Finally, with a few exceptions not relevant here, this Court's Local Rules require "[e]very motion when filed [to] incorporate a memorandum of law citing supporting authorities." Local R. 7.1(a)(1).  This Rule requires the moving party to submit a memorandum of law drafted to support his motion and demonstrating his legal claim to the relief sought in the motion. Defendant S. Qazi has failed to do so.  Instead, he has purported to incorporate the entirety of an unsigned version of a memorandum filed more than five years ago in a different court in a civil case in which the district court lacked jurisdiction, *see Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1155 (2013).

This purportedly incorporated 2008 memorandum contains pages of material that could not possibly relate to Defendant S. Qazi's motion.  For example, pages 11-14 contain the plaintiffs' description of their personal circumstances in an (ultimately unsuccessful) attempt to establish Article III standing, while pages 44-48 contain a First Amendment argument based on plaintiffs' contention that the FAA "compromises plaintiffs' ability to gather information, engage in advocacy, and communicate with colleagues, clients, journalistic sources, witnesses, experts, foreign government officials, and victims of human rights abuses located outside the United States" – a contention that is unrelated to any claim Defendant S. Qazi could assert.  In short, attaching this document from another case does not satisfy the obligation to file a memorandum of law setting forth the movant's legal claim to relief.  Indeed, if such a procedure were proper,

5

litigants opposing motions before this Court might similarly assert that they incorporate the opposing arguments made in other cases.  Such "briefing" by reference to unrelated proceedings is plainly foreclosed by the Rules of this Court.

This Court should deny Defendant S. Qazi's motion "as deficient because the motion was not supported by a memorandum of law addressing" the purported reasons why he is entitled to relief.  *Loizou v. Lake Austin Props. I, Ltd.*, 2010 WL 3604109, at *1 (M.D. Fla. 2010); *see also Belnavis v. Nicholson*, 2006 WL 3359684, at *8 (M.D. Fla. 2006) ("[T]here are several reasons why the plaintiff's motion . . . should be denied.  In the first place, the motion is not supported by a memorandum of law as required by [l]ocal [r]ule."); *United States v. Vernon*, 108 F.R.D. 741, 742 (S.D. Fla. 1986) ("Defendants' motion is groundless for several . . . reasons," one of which is "that they have not filed a supporting memorandum of law.").

6

## CONCLUSION

WHEREFORE, the United States respectfully requests that the Court deny Defendants Motion for an Order Declaring the FISA Amendments Act Unconstitutional.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

　　*/s/ Karen E. Gilbert*

By:　Karen E. Gilbert
　　Assistant U.S. Attorney
　　Fla. Bar No. 771007
　　99 N.E. 4th Street, Suite 800
　　Miami, Florida 33132-2111
　　Telephone Number (305) 961-9161
　　Fax Number (305) 536-4675

　　*/s/ Jennifer E. Levy*
　　Jennifer E. Levy
　　Trial Attorney
　　D.C. Bar No. 291070
　　U.S. Department of Justice
　　950 Pennsylvania Avenue, N.W.
　　Washington, D.C. 20530
　　Telephone Number 202-514-1092
　　Fax Number 202-514-8714

## CERTIFICATE OF SERVICE

      I hereby certify that on July 30, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*/s/ Karen E. Gilbert*

Karen E. Gilbert
