UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60298-CR-SCOLA/O'SULLIVAN

UNITED STATES OF AMERICA

v.

RAEES ALAM QAZI,

                Defendant.
_____

GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION FOR
RECONSIDERATION OF THE COURT'S ORDER GRANTING
*IN CAMERA, EX PARTE* PROCEEDING

      The UNITED STATES OF AMERICA, through its attorney Wifredo A. Ferrer, United States Attorney for the Southern District of Florida, respectfully submits this response to defendants Raees Qazi's and Sheheryar Alam Qazi's Motion for Reconsideration of this Court's Order Granting *In Camera, Ex Parte* Proceeding. (D.E. 112, D.E. 116).[1]  For reasons provided herein, the Government requests this Court deny the defendants' motion.  The Government also respectfully requests that, after this Court completes its *in camera*, *ex parte* review pursuant to 50 U.S.C. §§ 1806(f) and 1825(g), this Court vacate its order of May 6, 2013 compelling the Government to disclose certain information.  (D.E. 105).

      As required by 50 U.S.C. §§ 1806(c) and 1825(d), the Government has notified the defense and this Court that it intends to use against the defendants in this case evidence obtained or derived from electronic surveillance or physical search under Title I and Title III of the Foreign Intelligence Surveillance Act ("FISA"), 50 U.S.C. §§ 1801-1812 and 1821-1829.  (D.E.

---

[1] Although styled as a motion to reconsider this Court's order granting an *in camera*, *ex parte* proceeding, the defendants' motion asks this Court to reconsider its order of June 5, 2013 (D.E. 105), which stayed this Court's order of May 6, 2013 (D.E. 77).

9, at 1-2; D.E. 10, at 1-2).  The Government would likewise provide notice to the defense and this Court if the Government intended to use in this case any information obtained or derived from surveillance authorized under Title VII of FISA (the FISA Amendments Act or "FAA"), 50 U.S.C. §1881a *et seq.*, as to which a defendant is an aggrieved person.  No such notice has been provided.  Nor should such notice be provided in this case, because the Government does not intend to use any such evidence obtained or derived from FAA-authorized surveillance in the course of this prosecution.

The Government's notice obligations with respect to its use of FISA information under §§ 1806, 1825, and 1881e apply only when the Government (1) "intends to enter into evidence or otherwise use or disclose" (2) "against an aggrieved person" (3) in a "trial, hearing or other proceeding in or before any court, department, officer, agency, regulatory body, or other authority of the United States" (4) any "information obtained or derived from" (5) an "electronic surveillance [or physical search] of that aggrieved person."  50 U.S.C. § 1806(c); see 50 U.S.C. § 1825(d).  Where all five criteria are met, the Government will notify the defense and the Court or other authority in which the information is to be disclosed or used that the Government intends to use or disclose such information.

Congress enacted the foregoing criteria in 50 U.S.C. §§ 1806(c) and 1825(d) to define the extent of the Government's notice obligations.  No notice would be necessary in a criminal case, for example, if the Government has acquired information obtained or derived from FISA surveillance but does not intend to "enter into evidence or otherwise use or disclose" such information in the prosecution.  Likewise, even if the Government intends to use or disclose information obtained or derived from FISA surveillance in a criminal case, the law would not

require notice if the defendant is not an "aggrieved person" with respect to that FISA surveillance -- that is, "the target of [the] electronic surveillance," a "person whose communications or activities were subject to [that] electronic surveillance," 50 U.S.C. § 1801(k), a "person whose premises, property, information, or material [was] the target of [the] physical search," or a "person whose premises, property, information, or material was subject to [the] physical search," 50 U.S.C. § 1821(2).  By the same token, a defendant's status as an aggrieved person with respect to FISA surveillance is insufficient to trigger notice unless the information the Government intends to use or disclose was "obtained or derived from" FISA-authorized surveillance.[2]  In short, unless all five of the criteria specified in 50 U.S.C. §§ 1806(c) and 1825(d) are present, FISA does not require notice of FISA-authorized surveillance.[3]

What the defendants have asked this Court to direct the Government to do is very different from, and much broader than, providing them notice as to whether information obtained or derived from the FAA, as to which they are aggrieved, will be used against them at trial. Instead, the defendants demand that the Government disclose "whether the government's application for [a FISA] order relied upon evidence obtained under or derived from the FAA" (D.E. 76, at 14) and "whether any FISA order relied on information obtained or derived from an

---

[2] In determining whether information is "obtained or derived from" FISA-authorized surveillance, the appropriate standards and analyses are similar to those appropriate in the context of surveillance conducted pursuant to Title III (Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-2522).  To the extent a prior filing by the government was construed to assert that Section 1806's use of "derived" could never encompass a "situation where a FISA application contains information acquired pursuant to FAA surveillance," (D.E. 88, at 6), that is not the government's position.

[3] The examples above simply illustrate some of the circumstances under which the Government would not be required to provide notice under 18 U.S.C. 1806(c) or 1825(d).  They are not intended to suggest that such circumstances are or are not present in this particular case.

3

FAA order." (D.E. 112, at 2).[4] That demand is quite different than a demand for notice under Sections 1806(c) and 1825(d). It is not limited, for instance, to contexts in which the Government intends to use information against a defendant who is an "aggrieved person" with respect to any resulting surveillance. Nor does defendants' focus on a FISA "application" that "relie[s] upon" previously obtained FISA information appear to be restricted to contexts in which the Government intends to use "information . . . derived from" FISA surveillance. Moreover, to the extent defendants seek disclosure not only of the fact of FISA surveillance but the actual contents of FISA applications, such information would itself be classified and its disclosure would reveal information to which the defendants plainly are not entitled under FISA's notice provisions. No court has ever directed the Government to provide such information about the contents of FISA applications outside the ex parte, in camera submissions contemplated by 50 U.S.C. § 1806(f). *In re Grand Jury Proceedings of the Special Apr. 2002 Grand Jury*, 347 F.3d 197, 203 (7th Cir. 2003) (noting no court has ever ordered disclosure of FISA materials).

In sum, the defense was given timely, accurate, and adequate notice of the Government's intention to use FISA-obtained or FISA-derived information against the defendants. Moreover, the Government in this case identified in its notice that such evidence was collected pursuant to Titles I and III of FISA. This notice was correct and complete, and the Government has not subsequently provided notice of its intent to use any additional evidence obtained or derived from FAA surveillance to which a defendant is an aggrieved person. No further relief is required or appropriate. Instead, defendants' suppression motion should be adjudicated in the ordinary course under §§ 1806(f) and 1825(g).

---

[4] Similarly, this Court's May 6, 2012 order compelled the Government to disclose "whether the affidavit and other evidence offered in support of any FISA order relied on information obtained under or derived from an FAA surveillance order." (D.E. 77, at 1).

**Conclusion**

For the reasons stated herein, the defendants' motion for reconsideration should be denied, and this Court should proceed as it previously intended under the framework outlined in 50 U.S.C. §§ 1806 and 1825. After the Court has had an opportunity to review the Government's *ex parte, in camera* submission, which clarifies that the Government does not intend to use any information against the defendants at trial that was obtained or derived from FAA surveillance as to which a defendant is an aggrieved person, this Court should also vacate its prior order (D.E. 105) directing the Government to provide information contained in the FISA applications to the defendant.

Respectfully submitted,
WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:     */s/ Karen E. Gilbert*
        Karen E. Gilbert
        Assistant U.S. Attorney
        Fla. Bar No. 771007
        99 N.E. 4th Street, Suite 800
        Miami, Florida 33132-2111
        Telephone Number (305) 961-9161
        Fax Number (305) 536-4675

        */s/ Jennifer E. Levy*
        Jennifer E. Levy
        Trial Attorney
        D.C. Bar No. 291070
        U.S. Department of Justice
        950 Pennsylvania Avenue, N.W.
        Washington, D.C.  20530
        Telephone Number 202-514-1092
        Fax Number 202-514-8714

## CERTIFICATE OF SERVICE

      I hereby certify that on July 30, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                                    */s/ Karen E. Gilbert*
                                                  Karen E. Gilbert