UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  12-60298-CR-SCOLA

UNITED STATES OF AMERICA,

          **Plaintiff,**

vs.

RAEES ALAM QAZI

          **Defendant.**

_____/

**DEFENDANT RAEES QAZI'S REPLY TO GOVERNMENT'S RESPONSE TO HIS MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING *IN CAMERA*, *EX PARTE* PROCEEDING**

Defendant Raees Alam Qazi, through undersigned counsel, respectfully files this Reply to the Government's Response to His Motion for Reconsideration of this Court's Order Granting an *In Camera*, *Ex Parte* Proceeding. (D.E. 131, D.E. 105).

## Background

On June 5, 2013, this Court stayed its Order on Defendant's Motion to Compel the Government to Provide Notice of May 6, 2013 (D.E. 77), pending an *in camera* and *ex parte* review of evidence presented to the Court by the Government. In the original Order, this Court compelled the Government to "disclose to the defendants: 1) whether the electronic surveillance described in the Government's FISA notices (D.E. 9 and 10) was conducted pursuant to the pre-2008 provisions of FISA or, instead, the FAA; and 2) whether the affidavit and other evidence offered in support of any FISA order relied on information obtained under or derived from an FAA surveillance order." (D.E. 77).

The defense filed a Motion to Reconsider the stay of that Order on July 8, 2013 (D.E. 112), reiterating its initial objection (D.E. 83) to the Government's erroneous invocation of 50 U.S.C. § 1806(f) in requesting an *in camera* and *ex parte* proceeding. On July 30, 2013, the Government filed its Response, wherein they offered no rebuttal to Defendant's argument that the *ex parte* procedures of 50 U.S.C. § 1806(f) were erroneously invoked. However, the Government acknowledged that it is obligated to provide notice to defendants when it intends to use evidence obtained or derived from Title VII of FISA (The FISA Amendments Act of "FAA"), pursuant to 50 U.S.C. §§ 1881, 1825 and 1881(e). The Government concluded that because it does "not intend to use any such evidence obtained or derived from FAA-authorized surveillance in the course of this prosecution," no notice obligations exist (Response at 2).

## I. THE GOVERNMENT SHOULD NOT BE PERMITTED TO CIRCUMVENT ITS' CONSTITUTIONAL OBLIGATIONS

Though the Government is attempting to divert the Court's attention towards matters of what will be presented at trial, what Mr. Qazi has requested, and indeed what this Court has ordered, is the *legal basis* for the Government's interception of Defendant's electronic communications. As long as the Government avoids giving notice that it relied on FAA-derived information, the longer the constitutionality of the FAA will go unchallenged. Without notice of the kind requested here, the government can—as counsel suspects happened here and in a variety of other terrorism related cases—use FAA material to obtain a traditional FISA order and then, at trial, rely solely on its FISA-obtained evidence while remaining silent about its initial FAA surveillance. A defendant would never know, and would never have the opportunity to challenge the original search. The Government would be able, in essence, to transform its FAA

surveillance into FISA evidence—reaping the fruits of that FAA surveillance, while cleverly sidestepping any possible constitutional challenge to the FAA's warrantless wiretapping program.

### A. Senator Feinstein's Specific Reference to the Qazi Brothers' Case Supports the View That FAA Was Utilized in this Case

Indeed, there is very good reason to believe that this work-around is precisely what is happening in the instant case. This is supported by the fact that when Senator Diane Feinstein urged the Senate to re-authorize the FAA during a December 27, 2012, floor debate, she noted that the FAA was used in the case of "Raees Alam Qazi and Sheheryar Alam Qazi," and that "these cases show that the program has worked."[1] Yet the Government refuses to provide Mr. Qazi with any such notice here.

### B. Mr. Qazi's Constitutional Rights Are Directly Implicated by the Notice Requirements

Whether the Government relied on FAA surveillance when it obtained its FISA order is a crucial element of giving adequate notice to criminal defendants. It is important to note that this Court did not simply ask the Government whether it plans to use evidence obtained or derived from the FAA at trial. Rather, the Court ordered disclosure of "whether the affidavit and other evidence offered in support of *any* FISA order relied on information obtained under or derived from an FAA surveillance order." (D.E. 77) (emphasis added). Though the Government only contemplates its disclosure obligations within the limits of the explicit text of FISA, Mr. Qazi's right to know if the Government relied on FAA surveillance emanates not from that statute, but

---

[1] 158 CONG. REC. 168, S8393 (Statement of Sen. Diane Feinstein), http://origin.www.gpo.gov/fdsys/pkg/CREC-2012-12-27/html/CREC-2012-12-27-pt1-PgS8384-2.htm.

from his constitutional rights guaranteed by the Fourth and Fifth Amendments.

### C. The Government's Failure to Give Adequate Notice In This Case Contravenes its Promise Made to the Supreme Court

Earlier this year, in order to defeat a challenge to the FAA in *Clapper v. Amnesty Int'l USA*, the Government repeatedly assured the Supreme Court that the FAA would not be insulated from judicial review, and that criminal defendants would be given notice. Brief for Petitioner United States of America at 8, *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138 (2013). Yet the stratagem that the Government has favored has been the creative work-around of assuring defendants that they will not use evidence obtained or derived from the FAA at trial, reaping the fruits of FAA surveillance while only presenting FISA evidence at trial. As the Government observes in its Response, "No court has ever directed the Government to provide such information." (Response at 4.)  No doubt, the Government would prefer to maintain that record. Nonetheless, this Court should compel the Government to uphold its promise to the Supreme Court.

WHEREFORE, based on the reasons stated above, Mr. Raees Qazi respectfully requests

that this Court deny the Government's request for an *ex parte* and *in camera* review of evidence,

and further, reinstate its Order of May 6, 2013 compelling notice of the use of FAA surveillance.

Respectfully submitted,

**MICHAEL CARUSO**
**FEDERAL PUBLIC DEFENDER**

By: s/ Daniel L. Ecarius
       Daniel L. Ecarius
       Supervisory Assistant Federal Public Defender
       Florida Bar No. 719765
       150 W. Flagler Street, Suite 1700
       Miami, Florida 33130-1556
       (305) 530-7000
       Fax: (305) 536-4559
       Email: daniel_ecarius@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 28, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

       s/ Daniel L. Ecarius
       Daniel L. Ecarius