UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60298-Cr-Scola/O'Sullivan

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

SHEHERYAR ALAM QAZI,
    Defendant.
_____/

**DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT SHEHERYAR QAZI'S MOTION REQUESTING THAT THIS COURT DECLARE THE FISA AMENDMENTS ACT OF 2008 UNCONSTITUTIONAL (DE 130)**

    Mr. Qazi, through undersigned counsel, files this Reply to DE 130 and in support thereof states the following:

    1. In point I of DE 130, the government argues that this court should deny Mr. Qazi's motion to declare the FISA amendments act of 2008 unconstitutional (DE 96) because in this case "the Government will not use any evidence that was obtained or derived from FAA-authorized surveillance as to which Defendant is an aggrieved person." Page 3 of DE 130.

    The government's statement appears to contradict statements made on December 27, 2012 by Senator Dianne Feinstein, Chair of the Senate Select Committee on Intelligence, when she urged the U.S. Senate to reauthorize the FAA which was set to expire at the end of 2012.[1]  In connection with her testimony in support of the FAA and the government's program of warrantless surveillance, Senator Feinstein specifically identified Mr. Sheheryar Qazi and his brother, Raees Qazi, when she stated:

---

[1] The FAA was subsequently extended for five years until December 31, 2017.

1

There is a view by some that this country no longer needs to fear attack. I don't share that view, and I have asked the intelligence committee staff to compile arrests that have been made in the last 4 years in America on terrorist plots that have been stopped. There are 100 arrests that have been made between 2009 and 2012. There have been 16 individuals arrested just this year alone. Let me quickly review some of these plots. Some of these may arrests come about as a result of this program. Again, if Members want to see the specific cases where *FISA Amendments Act authorities* were used, they can go and look at the classified background of these cases.

*First, in November, 1 month ago, two arrests for conspiracy to provide material support to terrorists and use a weapon of mass destruction. That was Raees Alam Qazi and Sheheryar Alam Qazi. They were arrested by the FBI in Fort Lauderdale, FL.* The next case is another conspiracy to provide material support. Arrested were Ralph Deleon, Miguel Alejandro Santana Vidriales and Arifeen David Gojali. These three men were planning to travel to Afghanistan to attend terrorist training and commit violent jihad; third, was a plot to bomb the New York Federal Reserve Bank; fourth, a plot to bomb a downtown Chicago bar; fifth, a conspiracy to provide material support to the Islamic Jihad Union; sixth, a plot to carry out a suicide bomb attack against the U.S. Capitol in February of 2012; seventh, a plot to bomb locations in Tampa, FL; eighth, a plot to bomb New York City targets and troops returning from combat overseas; ninth, a plot to assassinate the Saudi Ambassador to the United States; and it goes on and on and on.

*So I believe the FISA Amendments Act is important and these cases show the program has worked.* As the years go on, I believe good intelligence is the most important way to prevent these attacks.

*Information gained through programs such as this one—and through other sources as well—is able to be used to prevent future attacks. So, in the past 4 years, there have been 100 arrests to prevent something from happening in the United States, some of these plots have been thwarted because of this program. I think it is a vital program. We are doing our level best to conduct good oversight and keep abreast of the details of the program and to see that these reports come in. I have tried to satisfy Senator WYDEN but apparently have been unable to do so. I am hopeful the Senate Intelligence Committee's 13-to-2 vote to reauthorize this important legislation will be considered by all Members.*

2

Page S8393 of the Congressional Record dated December 27, 2012, http://www.gpo.gov/fdsys/pkg/CREC-2012-12-27/html/CREC-2012-12-27-pt1-PgS8384-2.htm (Emphasis added.)

Based upon Senator Feinstein's statements, it appears that at least some of the information that was obtained by the government about Mr. Sheheryar Qazi in the present case was acquired pursuant to or derived from surveillance under the FAA. And if that is indeed the case, then Mr. Qazi is not requesting an advisory opinion from this court as alleged by the government in point I of DE 130. Instead, he is asking this court to rule on an actual case or controversy. *See* U.S. CONST., art. III, § 2, Clause 1.

2. In point II of DE 130, the government appears to be saying that Mr. Qazi cannot challenge the constitutionality of the FAA because Congress says he cannot do so. In support of this novel proposition, the government quotes from *United States v. Belfield*, 692 F. 2d 141 (D.C. Cir. 1982). *See* page 4 of DE 130. The portion of *Belfield* which the government quotes from states:

> If the Attorney General files an affidavit under oath that disclosure or an adversary hearing would harm the national security of the United States, then the district court is supposed to make this determination *ex parte* based upon an *in camera* examination of the relevant materials. The court may disclose these materials to the aggrieved person "*only* where such disclosure is necessary to make an accurate determination of the legality of the surveillance." Congress was adamant in enacting FISA that the "carefully drawn procedures" of this section are not to be "bypassed by the inventive litigant using a new statute, rule or judicial construction."

*Belfield* at 146.

3

*Belfield* did not address the constitutionality of FISA; instead, it presupposed that FISA was constitutional and then addressed the procedures contained in FISA. But the *Belfield* court would certainly not have countenanced FISA's procedures if it had found FISA itself to be unconstitutional.

If the government's argument in point II of DE 130 were correct, Congress could insulate every statute that it passes from judicial scrutiny by simply stating that a litigant's *sole* remedy was to follow the procedures contained within that statute. Such a position is absurd.

In *Clapper v. Amnesty International USA*, 133 S. Ct. 1138 (2013), respondents challenged the constitutionality of the FAA just as Mr. Qazi has done in DE 96. The U.S. Supreme Court ultimately ruled that respondents did not have standing to challenge the constitutionality of the FAA. *Id*. at 1155. Significantly, however, the Court did *not* rule that the constitutionality of the FAA could not be challenged by anyone. To the contrary, the Court stated that "our holding today by no means insulates § 1881a from judicial review." *Id*. at 1154.

3. In point III of DE 130, the government states that DE 96 is "procedurally deficient as it does not contain an appropriate memorandum of law." In support of its position, the government cites to three cases on page 6 of DE 130. In each of those three cases, the offending party's motion contained no citation of legal authority whatsoever, either decisional or statutory. In Mr. Qazi's case, however, DE 96 contains *54 pages* of legal authority in support of his argument that the FAA should be declared unconstitutional.

The government complains that DE 96 incorporates by reference a memorandum of law from another case in which the plaintiffs argued that the FAA was unconstitutional. But the government fails to cite any authority at all which even suggests that such a procedure is improper. To the contrary, courts routinely incorporate documents by reference when making

4

decisions. For example, in *United States v. Campaz-Guerrero*, 424 Fed.Appx. 898, 902 (11th Cir. 2011), the court of appeals ruled that the district court did not procedurally err when it incorporated by reference various sentencing factors when it sentenced the co-defendants in that case because in doing so the district court expressly considered each defendant's acceptance of responsibility when determining his sentence. *See also Gross v. White*, 340 Fed.Appx. 527, 534 (11th Cir. 2009) (district court did not err in considering documents incorporated by reference into a complaint even though the documents were not physically attached to the complaint); *Day v. Taylor*, 400 F. 3d 1272, 1276 (11th Cir. 2005) (a document need not be physically attached to a pleading in order to be incorporated by reference into it).[2]

Point III of DE 130 is without merit.

                                                                   Respectfully submitted,

                                                                   /s/ Ronald S. Chapman
                                                                   Ronald S. Chapman (Bar No. 898139)
                                                                   400 Clematis Street, Suite 206
                                                                   West Palm Beach, FL 33401
                                                                   Tel (561) 832-4348
                                                                   Fax (561) 832-4346
                                                                   Email: ronchapman@bellsouth.net
                                                                   Attorney for defendant Sheheryar Qazi

**Certificate of Service**

Undersigned counsel certifies that on September 10, 2013 this reply was electronically filed with the Clerk of Court using CM/ECF, and it was electronically transmitted to all counsel of record.

                                                                  /s/ Ronald S. Chapman
                                                                  Ronald S. Chapman

---

[2] In the instant case, not only did Mr. Qazi incorporate by reference a memorandum of law in support of his motion to declare the FAA unconstitutional; he also physically attached that memorandum to his motion.