UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 12 CR 723 |
| | ) | |
| v. | ) | Hon. Sharon Johnson Coleman |
| | ) | |
| ADEL DAOUD | ) | |

**GOVERNMENT'S SUR-REPLY TO DEFENDANT'S
MOTION FOR NOTICE OF FISA AMENDMENTS ACT
EVIDENCE PURSUANT TO §§ 1881(e)(a) and 1806(c)**

The UNITED STATES OF AMERICA, by GARY S. SHAPIRO, United States Attorney for the Northern District of Illinois, respectfully submits this sur-reply to defendant Adel Daoud's Motion for Notice of FISA Amendments Act Evidence Pursuant to §§ 1881(e)(a), 1806(c) (Doc. #42). The government seeks leave to file this sur-reply to clarify the record regarding the issues raised by the defendant's motion (Doc. #42) and reply (Doc. #47). For the reasons stated herein and in the government's prior response (Doc. #46), the Court should deny the defendant's motion.

As required by 50 U.S.C. §§ 1806(c) and 1825(d), the government has notified the defense and this Court that it intends to use against the defendant in this case evidence obtained or derived from electronic surveillance under Title I of the Foreign Intelligence Surveillance Act (FISA), 50 U.S.C. §§ 1801-1812 (Doc. #9 and Doc. #46). The government would likewise provide notice to the defense and this Court if the government



intended to use in this case any information obtained or derived from surveillance authorized under Title VII of FISA (the FISA Amendments Act or FAA) (*i.e.*, a Section 702 Order), 50 U.S.C. § 1881a *et seq.*, as to which the defendant is an aggrieved person. No such notice has been provided. Nor should such notice be provided in this case because the government does not intend to use any such evidence obtained or derived from FAA-authorized surveillance in the course of this prosecution.

The government's notice obligations regarding its use of FISA information under §§ 1806, 1825, and 1881e apply only if the government (1) "intends to enter into evidence or otherwise use or disclose" (2) "against an aggrieved person" (3) in a "trial, hearing or other proceeding in or before any court, department, officer, agency, regulatory body, or other authority of the United States" (4) any "information obtained or derived from" (5) an "electronic surveillance [or physical search] of that aggrieved person." 50 U.S.C. § 1806(c); *see* 50 U.S.C. § 1825(d). Where all five criteria are met, the government will notify the defense and the Court (or other authority) in which the information is to be disclosed or used that the government intends to use or disclose such information.

Congress enacted the foregoing criteria in 50 U.S.C. §§ 1806(c) and 1825(d) to define the extent of the government's notice obligations. No notice

would be necessary in a criminal case, for example, if the government has acquired information obtained or derived from FISA surveillance but does not intend to "enter into evidence or otherwise use or disclose" such information in the prosecution. Likewise, even if the government intends to use or disclose information obtained or derived from FISA surveillance in a criminal case, the law would not require notice if the defendant is not an "aggrieved person" with respect to that FISA surveillance – that is, "the target of [the] electronic surveillance," a "person whose communications or activities were subject to [that] electronic surveillance," 50 U.S.C. § 1801(k), a "person whose premises, property, information, or material [was] the target of [the] physical search," or a "person whose premises, property, information, or material was subject to [the] physical search," 50 U.S.C. § 1821(2). By the same token, a defendant's status as an aggrieved person with respect to FISA surveillance is insufficient to trigger notice unless the information the Government intends to use or disclose was "obtained or derived from" FISA-authorized surveillance.[1] In short, unless all five of the criteria specified in 50 U.S.C. §§

---

[1] In determining whether information is "obtained or derived from" FISA-authorized surveillance, the appropriate standards and analyses are similar to those appropriate in the context of surveillance conducted pursuant to Title III (Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-2522). Accordingly, under certain circumstances, information obtained from traditional FISA surveillance can be derived from prior FISA surveillance (including FAA surveillance under Title VII).

1806(c) and 1825(d) are present, FISA does not require notice of FISA-authorized surveillance.[2]

What the defendant seeks is very different from, and much broader than, providing him notice about whether information obtained or derived from the FAA, as to which he is aggrieved, will be used against him at trial. Instead, the defendant demands that the government disclose "whether the affidavit and other evidence offered in support of any FISA order relied on information obtained under or derived from an FAA surveillance order." (Doc. #43 at 15). That request exceeds the notice required under sections 1806(c) and 1825(d). It is not limited, for instance, to circumstances in which the government intends to use information against a defendant who is an "aggrieved person" with respect to any resulting surveillance. Nor does the defendant's focus on a FISA "affidavit" that "relie[s] on" previously obtained FISA information appear to be restricted to circumstances in which the government intends to use "information . . . derived from" FISA surveillance. To the extent the defendant seeks disclosure not only of the fact of FISA surveillance but the actual contents of FISA applications, such information

---

[2] The examples above simply illustrate some of the circumstances under which the government would not be required to provide notice under 18 U.S.C. §§ 1806(c) or 1825(d). They are not intended to suggest that such circumstances are or are not present in this particular case.

would itself be classified and its disclosure would reveal information to which the defendant plainly is not entitled under FISA's notice provisions.

In sum, the defense was given timely, accurate, and adequate notice of the government's intention to use FISA-obtained or FISA-derived information against the defendant. If the defendant were a person aggrieved by FAA-authorized surveillance, and the government intended to use information obtained or derived from that FAA-authorized surveillance against the defendant in this proceeding, the government would notify the defense and this Court. No such notice is applicable to this defendant, thus no further relief is required or appropriate. Instead, to the extent the defendant seeks to suppress evidence obtained or derived from a FISA order in this case, such a motion should be adjudicated in the ordinary course under the framework outlined in 50 U.S.C. § 1806(f).

## Conclusion

For the reasons discussed above, the defendant's motion should be denied.

Respectfully submitted,
GARY S. SHAPIRO
United States Attorney

By:  s/*William E. Ridgway*
WILLIAM E. RIDGWAY
BARRY JONAS
BOLLING HAXALL
Assistant U.S. Attorneys
219 South Dearborn Street, Fifth Floor
Chicago, Illinois 60604
(312) 469-6233