UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   12-60298-SCOLA /O'SULLIVAN

UNITED STATES OF AMERICA

vs.

RAEES ALAM QAZI
 and
SHEHERYAR ALAM QAZI,

         **Defendants.**
_____/

### GOVERNMENT'S RESPONSE TO DEFENDANT RAEES ALAM QAZI'S MOTION TO DECLARE THE FISA AMENDMENTS ACT OF 2008 UNCONSTITUTIONAL

The United States, by and through the undersigned Assistant United States Attorneys and Department of Justice Trial Attorney, hereby responds to Defendant Raees Alam Qazi's ("Qazi") adopted Motion to Declare the FISA Amendments Act of 2009 Unconstitutional. (DE 96)[1]. This court should deny the adopted motion as to Qazi, just as it should as to his co-defendant. The Government does not intend to use in this case any information obtained or derived from FAA-authorized surveillance as to which *either defendant* is an aggrieved person. Contemporaneous with this response, the Government is filing a classified supplemental memorandum that explains with specificity the evidence at issue, and demonstrates that none of it is obtained or derived from FAA-authorized surveillance as to which Qazi is an aggrieved person. The Government has previously provided a similar filing with regard to his co-defendant. (DE 130).

---

[1] Previously, this Court granted Qazi's motion to adopt Defendant Sheheryar Alam Qazi's motion to declare the FISA Amendments Act of 2008 ("FAA") unconstitutional.  (DE 175, 177).

Because there is no evidence in this case that is obtained or derived from FAA-authorized surveillance as to which Qazi (or his co-defendant) is an aggrieved person, any ruling as to the constitutionality of the FAA would have no effect on any aspect of this prosecution or the defendants' substantive rights. As a result, any decision resolving that challenge would constitute an advisory opinion outside the scope of this Court's Article III jurisdiction. Additionally, while a defendant may challenge the traditional (non-FAA) FISA surveillance from which evidence that the government intends to use against him was obtained or derived (and as to which he is an aggrieved person), he may assert such a challenge only through a motion to suppress pursuant to 50 U.S.C. § 1806. It is in that venue alone that a district court can determine the legality of any such surveillance from which evidence was obtained or derived, including the constitutionality of any statutory provision that may have authorized that surveillance. A separate motion for a declaration of the constitutionality of the FAA is improper.

Finally, the motion is deficient for the additional reason that neither defendant has ever provided an appropriate memorandum of law supporting the contention that the FAA is unconstitutional.

## I. This Court Has No Jurisdiction Over a Facial Challenge to the FISA Amendments Act

It is well settled that an Article III court must "confine[] itself to its constitutionally limited role of adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties involved." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013). As a result of that constitutional restriction, "a federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them.'" *Preiser* v. *Newkirk*, 422 U.S. 395, 401 (1975) (quoting *North Carolina* v. *Rice*, 404 U.S. 244, 246 (1971)). A judicial ruling that purports to resolve a legal question that

would not "impact [the movant's] substantive rights" thus constitutes an "impermissible advisory opinion" prohibited by Article III. *Jacksonville Prop. Rights Ass'n. v. City of Jacksonville*, 635 F.3d 1266, 1276 (11th Cir. 2011).

As the Government describes in its classified supplemental memorandum, the Government will not use any evidence that was obtained or derived from FAA-authorized surveillance as to which Qazi is an aggrieved person. As such, Qazi's constitutional challenge to the FAA does not implicate -- and this Court's resolution of the challenge would not affect -- any of his substantive rights. Qazi's motion to declare the FAA unconstitutional should, therefore, be denied because it requests an advisory opinion that falls outside the scope of this Court's Article III authority.

II. **Even if the Government Were Seeking to Use Evidence Obtained or Derived from FAA-Authorized Surveillance as to Which Defendant Qazi Was an Aggrieved Person, the Only Forum for Raising a Challenge to the FISA Amendments Act Would Be the Procedures of 50 U.S.C. § 1806**

Even if the Government had sought to use evidence obtained or derived from FAA-authorized surveillance as to which Qazi was an aggrieved person (which it has not), this motion would still be meritless. In such a scenario, the only relief Qazi could conceivably obtain would be suppression of the (hypothetical) evidence obtained or derived from FAA-authorized surveillance and as to which he was an aggrieved person. But a defendant can obtain such relief *only* through a motion to suppress made pursuant to 50 U.S.C. § 1806(e), to which the Government responds pursuant to 50 U.S.C. § 1806(f). Indeed, Defendant Qazi has made such a motion (DE 87), which is briefed and pending.[2]

---

[2] A defendant may move to suppress FISA obtained or derived evidence (including FAA obtained or derived evidence) if he is (1) "a person against whom evidence obtained or derived from" (2) "an electronic surveillance" or physical search (3) "to which he is an aggrieved person" (4) "is to be, or has been, introduced or otherwise used or disclosed" (5) in a "trial, hearing or other proceeding." 50 U.S.C.

3

Congress provided Sections 1806(e) and 1806(f) as the exclusive means by which a defendant may seek to obtain suppression of evidence obtained or derived from FISA-authorized surveillance. This is made clear by Section 1806(f)'s statement that its procedures apply "whenever any motion or request is made by an aggrieved person pursuant to any . . . statute or rule of the United States [to] suppress evidence or information obtained or derived from electronic surveillance under [FISA] . . . notwithstanding any other law." 50 U.S.C. § 1806(f). As FISA's legislative history states:

> [Section 1806] states in detail the procedure the court shall follow when . . . a suppression motion is filed . . . . This procedure applies, for example, whenever an individual makes a motion pursuant to [Section 1806] or 18 U.S.C. 3504, or any other statute or rule of the United States to discover, obtain or suppress evidence or information obtained or derived from electronic surveillance conducted pursuant to [FISA]. *Although a number of different procedures might be used to attack the legality of the surveillance, it is this procedure 'notwithstanding any other law' that must be used to resolve the question.* The committee wishes to make very clear that the procedures set out in [Section 1806] apply *whatever the underlying rule or statute referred to in the motion.* This is necessary to prevent the carefully drawn procedures in subsection (e) from being bypassed by the inventive litigant using a new statute, rule or judicial construction.

S. Rep. No. 95-701, 95th Cong., 2d Sess. 63, 1978 U.S.C.C.A.N. 3973 (emphases added). Indeed, Congress "was adamant" that the "carefully drawn procedures" of Section 1806 are not to be "bypassed by the inventive litigant using a new statute, rule or judicial construction." *United States v. Belfield,* 692 F.2d 141, 146 (D.C. Cir. 1982).

Thus, to the extent that Qazi attempts to litigate the legality of the traditional (non-FAA) surveillance from which the government's evidence in this case was obtained or derived (and as

---

§§ 1806(c), 1881e(1); *see also* 50 U.S.C. § 1825(d). An aggrieved person is "a person who is the target of electronic surveillance or any other person whose communications or activities were subject to electronic surveillance," *i.e.*, a target or communicant on an intercepted communication. 50 U.S.C. § 1801(k).

4

to which he is an aggrieved person), he must do so through his motion to suppress pursuant to 50 U.S.C. § 1806.

### III. Defendant Qazi's Motion Is Procedurally Deficient as It Does Not Contain an Appropriate Memorandum of Law

The Government continues to object to the fact that neither defendant has filed an appropriate memorandum of law that would support the relief they seek. With a few exceptions not relevant here, this Court's Local Rules require "[e]very motion when filed [to] incorporate a memorandum of law citing supporting authorities." Local R. 7.1(a)(1). This Rule requires the moving party to submit a memorandum of law drafted to support his motion and demonstrating his legal claim to the relief sought in the motion. Defendant Qazi, like his co-defendant, has failed to do so. Instead, the co-defendant's motion purported to incorporate the entirety of an unsigned version of a memorandum filed in 2008 in a different court in a civil case in which the district court lacked jurisdiction, *see Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1155 (2013).

This purportedly incorporated 2008 memorandum contains pages of material that could not possibly relate to any motion properly brought in this case. For example, pages 11-14 contain the plaintiffs' description of their personal circumstances in an (ultimately unsuccessful) attempt to establish Article III standing, while pages 44-48 contain a First Amendment argument based on plaintiffs' contention that the FAA "compromises plaintiffs' ability to gather information, engage in advocacy, and communicate with colleagues, clients, journalistic sources, witnesses, experts, foreign government officials, and victims of human rights abuses located outside the United States" – a contention that is unrelated to any claim that could be asserted here. In short, attaching this document from another case does not satisfy the obligation to file a memorandum of law setting forth the movant's legal claim to relief. Indeed, if such a procedure

5

were proper, litigants opposing motions before this Court might similarly assert that they incorporate the opposing arguments made in other cases. Such "briefing" by reference to unrelated proceedings is plainly foreclosed by the Rules of this Court. Moreover, where a movant does not submit a memorandum of law that articulates the factual bases in this case for the requested relief, the government's ability to meaningfully respond is compromised, and the government can do little more than present legal argument on an abstract issue of law.

This Court should deny the motion "as deficient because the motion was not supported by a memorandum of law addressing" the purported reasons why he is entitled to relief. *Loizou v. Lake Austin Props. I, Ltd.*, 2010 WL 3604109, at *1 (M.D. Fla. 2010); *see also Belnavis v. Nicholson*, 2006 WL 3359684, at *8 (M.D. Fla. 2006) ("[T]here are several reasons why the plaintiff's motion . . . should be denied. In the first place, the motion is not supported by a memorandum of law as required by [l]ocal [r]ule."); *United States v. Vernon*, 108 F.R.D. 741, 742 (S.D. Fla. 1986) ("Defendants' motion is groundless for several . . . reasons," one of which is "that they have not filed a supporting memorandum of law.").

## CONCLUSION

WHEREFORE, the United States respectfully requests that the Court deny Qazi's adopted Motion for an Order Declaring the FISA Amendments Act of 2008 Unconstitutional.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By :   /s/ *Karen E. Gilbert*
Karen E. Gilbert
Assistant U.S. Attorney
Fla. Bar No. 771007
99 N.E. 4th Street, Suite 800
Miami, Florida 33132-2111
Telephone Number (305) 961-9161
Fax Number (305) 536-4675

  /s/ *Adam S. Fels*
Adam S. Fels
Assistant U.S. Attorney
Court Identification No. A5501040
99 N.E. 4th Street, Suite 800
Miami, Florida 33132-2111
Telephone Number (305) 961-9325
Fax Number (305) 536-4675

  /s/ *Jennifer E. Levy*
Jennifer E. Levy
Trial Attorney
D.C. Bar No. 291070
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530
Telephone Number 202-514-1092
Fax Number 202-514-8714

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ *Karen E. Gilbert*
Karen E. Gilbert
