**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 12-60298-cr-BLOOM/O'SULLIVAN**

**UNITED STATES OF AMERICA**

      **vs.**

**RAEES ALAM QAZI**
**And**
**SHEHERYAR ALAM QAZI,**

      **Defendants.**

_____/

**GOVERNMENT'S MOTION FOR CLARIFICATION AND**
**MOTION FOR A STATUS CONFERENCE**

The United States of America, by and through the undersigned Assistant United States

Attorneys for the Southern District of Florida and the undersigned Trial Attorney for the United

States Department of Justice's National Security Division, moves the Court for an Order of

Clarification regarding its July 1, 2014, paperless Order denying the Government's Motion for

Reconsideration (DE 223); in addition, the Government moves for an Order setting a status

conference in this case.

**BACKGROUND**

On November 30, 2012, RAEES ALAM QAZI and SHEHERYAR ALAM QAZI, were

indicted by a federal grand jury in Miami and charged with conspiring to provide material support

to terrorists, in violation of Title 18, United States Code, Section 2339A(a) (Count 1) and

conspiring to use a weapon of mass destruction, in violation of Title 18, United States Code,

Section 2332a(a) (Count 2).   (Indictment, DE 1).   On December 6, 2012, the Government filed a

Notice of Intent to Use Foreign Intelligence Surveillance Act ("FISA") information as to both

defendants. (DE 9, 10).

On April 22, 2013, Defendant SHEHERYAR QAZI filed an Amended Motion to Compel Advance Notice of the Government's Intent to Use Information Obtained or Derived Pursuant to the FISA Amendments Act ("FAA") (DE 67).[1]   After being fully briefed on the issue, Magistrate Judge John O'Sullivan issued an Order granting the motion and requiring the Government to answer two questions: 1) whether the electronic surveillance described in the Government's FISA notices (DE 9 and 10) was conducted pursuant to the pre-2008 provisions of FISA or, instead, the FAA; and 2) whether the affidavit and other evidence offered in support of any FISA order relied on information obtained under or derived from an FAA surveillance order."   May 6, 2013, Order (DE 77).

On May 9, 2013, the Government filed a Motion for Reconsideration of the Court's Order requiring an answer to the second question posed above (DE 80).   In the Motion for Reconsideration, the Government pointed out, among other things, that the second question was essentially subsumed within the Defendant's previously filed Motion to Compel the Government to Provide Him with Applications, Orders and Any Other Materials Relating to Electronic Surveillance in the Instant Case (DE 45), and that the Government would respond to that motion through the *ex parte, in camera* process provided by the FISA statute.   Motion for Reconsideration (DE 80) at 4.

On June 5, 2013, during a status hearing before Magistrate Judge O'Sullivan, attorneys for the Government asked Magistrate Judge O'Sullivan to stay the May 6, 2013, Order until Magistrate Judge O'Sullivan could review the classified materials and response to the Defendants'

---

[1]   Defendant RAEES QAZI filed a Motion to Adopt SHEHERYAR QAZI's Motion, which was granted by the Court.   Motion to Adopt/Join, Order (DE 69, 73).

Motion to Compel.   On June 5, 2013, without ruling on the government's reconsideration motion (DE 80), Magistrate Judge O'Sullivan issued an Order and Notice of Hearing providing that the Court's Order (DE 77) would be stayed "until the undersigned completes his review of the government's response [to motions, including the Motion to Compel], which is due on July 17, 2013." (DE 105).   The Defendants then filed a Motion for Reconsideration of Magistrate Judge O'Sullivan's Order (DE 105) staying his previous May 6, 2013, Order (DE 112, 116).   After obtaining an extension of time, the government did ultimately file its response and supporting documents to motions, including the Motion to Compel on July 30, 2013 (DE 132).   Magistrate Judge O'Sullivan has not yet ruled on the Defendants' Motion for Reconsideration and also has not lifted the stay on the May 6, 2013, Order.

## **MOTIONS**

On July 1, 2014, this Court issued a paperless Order denying the Government's Motion for Reconsideration of Magistrate Judge O'Sullivan's original May 6, 2013, Order.   As the May 6, 2013, Order has already been stayed by Magistrate Judge O'Sullivan (and remains so), the government interprets the Court's July 1, 2014, Order to mean that the Government's Motion for Reconsideration is moot at this time, and that the July 1 Order does not affect the stay Order that is currently in place.   To avoid any ambiguity about its effect on the stay Order, the government respectfully requests that the Court issue an Order clarifying its July 1, 2014, paperless Order.

In addition, the government respectfully requests that the Court set a status conference to replace the status conference previously set by Judge Scola on July 18, 2014.   Judge Scola had set that status conference after removing the trial from the November 3, 2014, calendar call in light of the recent change in representation of SHEHERYAR QAZI.   At the July 18, 2014, status conference, Judge Scola had expected an update on the status of obtaining a security clearance for

3

SHEHERYAR QAZI's new attorney, William Barzee, so Mr. Barzee could begin to review the substantial amount of classified discovery provided by the government.   As of today, Mr. Barzee has not received his required security clearance, thus, he has not begun his review of the classified discovery materials.   The government respectfully requests that this Court set a status conference so the parties have an opportunity to brief the Court on outstanding issues and timelines in this case.

## NOTICE OF COMPLIANCE WITH LOCAL RULE 88.9

Pursuant to Local Rule 88.9 of the District Court for the Southern District of Florida, the undersigned provides notice that the attorneys for the defendants have each been consulted, and that the defendants' attorneys have authorized the undersigned to represent that they do not oppose the government's motion.

## CONCLUSION

Therefore, based on the foregoing, the government respectfully requests that the Court issue an Order clarifying its July 1, 2014, paperless order and setting a Status Conference in this

case as soon as practicable.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:        /s/ *Karen E. Gilbert*
        Karen E. Gilbert
        Fla. Bar No. 771007
        Assistant United States Attorney
        99 N.E. 4th Street, Suite 800
        Miami, Florida 33132-2111
        Telephone Number (305) 961-9161
        Fax Number (305) 536-4675

By:        /s/ *Adam S. Fels*
        Adam S. Fels
        Court Identification No. A5501040
        Assistant United States Attorney
        99 N.E. 4th Street, Suite 800
        Miami, Florida 33132-2111
        Telephone Number (305) 961-9325
        Fax Number (305) 536-4675

By:        /s/ Jennifer E. Levy
        Jennifer E. Levy
        Trial Attorney
        D.C. Bar No. 291070
        U.S. Department of Justice
        950 Pennsylvania Avenue, N.W.
        Washington, D.C.   20530
        Telephone Number 202-514-1092
        Fax Number 202-514-8714

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of this pleading was filed on July 8, 2014, via the Court's

CM/ECF filing system.

        /s/    *Karen E. Gilbert*
        Assistant United States Attorney