REDACTED / CLEARED FOR PUBLIC RELEASE

Filed with Classified Information Security Officer
CISO
9/3/14

[redacted]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 12-60298-CR-BLOOM/O'SULLIVAN

UNITED STATES OF AMERICA

v.

RAEES ALAM QAZI, and
SHEHERYAR ALAM QAZI,

Defendants.
_______________________________________/

**FILED WITH CLASSIFIED INFORMATION SECURITY OFFICER UNDER SEAL**

[redacted]

**REPORT AND RECOMMENDATION ON MOTIONS FOR DISCLOSURE OF FISA APPLICATIONS AND ORDERS; MOTIONS TO SUPPRESS EVIDENCE DERIVED FROM FISA INTERCEPTS; MOTION TO DECLARE THE FISA AMENDMENTS ACT OF 2008 ("FAA") UNCONSTITUTIONAL; AND ORDER ON MOTION FOR RECONSIDERATION**

THIS MATTER is before the Court on following motions:

1. Defendant Sheheryar Alam Qazi's (hereinafter "S. Qazi") Motion to Compel the Government to Provide Him with Applications, Orders, and Any Other Materials Relating to Electronic Surveillance in the Instant Case (DE# 45), which was adopted by Raees Alam Qazi (hereinafter "R. Qazi"). (DE# 59, 62);
2. Defendant S. Qazi's Motion to Compel the Government to Provide Him with Applications, Orders, and Any Other Materials relating to Physical Search in the Instant Case (DE# 46), which was adopted by R. Qazi (DE# 60, 63);

[redacted]

REDACTED / CLEARED FOR PUBLIC RELEASE

[redacted]

3. Defendant R. Qazi's Motion to Suppress Evidence Derived from FISA Intercepts (DE# 87), which was adopted by S. Qazi (DE# 92, 95);
4. Defendant S. Qazi's Motion to Suppress Evidence Obtained or Derived from Electronic Surveillance or Physical Search Conducted Pursuant to the Foreign Intelligence Act of 1978 ("FISA"), as Amended, 50 U.S.C.A. §§ 1801-1812 and 1821-1829, as Well as Conducted Pursuant to the FISA Amendments Act of 2008 (DE# 93), which was adopted by R. Qazi (DE# 100, 101);
5. Defendant S. Qazi's Motion to Declare FISA Amendments Act of 2008 Unconstitutional (DE#96), which was adopted by R. Qazi (DE# 175, 177); and
6. Defendant R. Qazi's Motion for Reconsideration of the Court's Order Granting *In Camera, Ex Parte* Proceeding (DE# 112), which was adopted by S. Qazi (DE# 116, 120).

These matters were referred to the undersigned by the Honorable Robert N. Scola, United States District Judge for the Southern District of Florida. (DE# 47, 55, 167 and 3/13/14 entry). The case has been reassigned to the Honorable Beth Bloom, United States District Judge for the Southern District of Florida. (DE# 221, 6/30/14).

## BACKGROUND

On November 12, 2012, the defendants were charged by Indictment with conspiring to provide material support to terrorists in violation of Title 18, United States Code, Section 2339A(a) and 2, and conspiring to use a weapon of mass destruction in violation of Title 18, United States Code, Section 2332a(a) and 2. See Indictment (DE# 1, 11/30/12) On December 6,

[redacted]

[redacted]

2012, the United States provided notice to each defendant that the government intended to use "information obtained or derived from electronic surveillance or physical search conducted pursuant to the Foreign Intelligence Surveillance Act of 1978 (FISA)], as amended, 50 U.S.C.A. §§ 1801-1812, 1821-1829." (DE# 9 and 10) The statutory provisions cited in the notices are to Titles I and III of FISA, which are known as "traditional FISA," and respectively allow for electronic surveillance and physical search when a "significant purpose" is to obtain foreign intelligence, provided that the government establishes to the satisfaction of the Foreign Intelligence Surveillance Court ("FISC") that, among other things, the target is "an agent of a foreign power." See 50 U.S.C.A. §§ 1801, 1804-05, 1821, 1823-24.

Essentially, the defendants' motions seek: (1) disclosure of all applications, orders and related materials filed with the FISC (the "FISA materials") for electronic surveillance and physical search; (2) suppression of information obtained or derived pursuant to FISA; and (3) to require the Court to conduct an evidentiary hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). Additionally, the defendants' challenge the constitutionality of the FISA Amendments Act of 2008 ("FAA").

The defendants' arguments fall into two categories: (1) that disclosure of FISA materials is both necessary for them to litigate suppression issues and is required by due process considerations; and (2) that the FISA-acquired evidence should be suppressed because it is unconstitutional, both on its face and as applied to them, that FISA procedural requirements were not met, probable cause was not established, and the government relied on illegal sources of information. See (DE# 132).

[redacted]

[redacted]

Finally, the defendants seek reconsideration (DE#112) of the undersigned's June 5, 2013 Order (DE# 105) that stayed the undersigned's May 6, 2013 Order (DE# 77), which granted the Defendant's Amended Motion to Compel the Government to Provide Him with Advance Notice of Its Intent to Use or Disclose Information Obtained or Derived Pursuant to the FISA Amendments Act of 2008, 50 U.S.C. § 1881a (DE# 67), which was adopted by R. Qazi (DE# 69,73) (i.e. whether any FISA order relied on information obtained or derived from an FAA order), until the undersigned completed his *ex parte*, *in camera* review of the government's classified filings regarding the subject FISA materials.

The government filed an Unclassified Memorandum in Opposition to Defendants' Motions to Disclose FISA Materials and to Suppress FISA-Acquired Evidence (DE# 132), which addresses the first four (4) motions listed above (DE# 45, 46, 87, and 93). The government also filed the Government's Classified Memorandum in Opposition to Defendants' Motions to Disclose FISA Materials and to Suppress FISA-Acquired Evidence. See Notice of Filing, Exhibit 1 (DE# 133-1). The government also filed the Government's Notice of Filing Supplemental Authority (DE# 216) in response to R. Qazi's Notice of Filing Supplemental Authority (DE# 162).

The government addressed the defendants' constitutional challenge regarding the FISA Amendment Act of 2008 ("FAA"), 50 U.S.C.A. § 1881a, in separate filings. Initially, the government argued that the Court has no jurisdiction over a facial challenge to the FAA because the government will not use any evidence that was obtained or derived from FAA-authorized surveillance as to which either of the defendants S. Qazi or R. Qazi is an aggrieved party. See The Government's Opposition to Defendant Sheheryar Alam Qazi's Motion Requesting That This

[redacted]

[redacted]

Court Declare the FISA Amendments Act of 2008 Unconstitutional (DE# 130); and the Government's Response to Defendant Raees Alam Qazi's Motion to Declare the FISA Amendments Act of 2008 Unconstitutional (DE# 195). The government also filed *ex parte*, *in camera* and under seal the Government's Classified Supplemental Memorandum in Support of Its Response to Raees Qazi's Motion to Declare FAA Unconstitutional. See Notice of Filing, Exhibit 1 (DE# 196-1). Pursuant to the undersigned's Order (DE# 173), the government subsequently filed a separate substantive response to the defendants' constitutional challenge. See United States' Memorandum on the Merits of the Defendants' Facial Constitutional Challenge to the FISA Amendments Act of 2008 (DE# 201) and notice of filing supplemental authority (DE#220). R. Qazi filed his reply (DE# 228), which was adopted by S. Qazi (DE# 230, 231). The government filed a sur-reply (DE#234) with leave of Court. R. Qazi filed Defendant's Raees Alam Qazi's Response to Government's Sur-Reply to Defendant's Motion to Declare the FISA Amendments Act of 2008 Unconstitutional (DE 234). (DE# 243)

The motions are fully briefed and ripe for disposition.

Having carefully considered the defendants' motions, the government's responses, the defendants' replies, the parties' respective sur-replies, the parties' supplemental filings, the Court file and applicable law as well as having conducted a thorough *in camera, ex parte* review of the classified Foreign Intelligence Surveillance Act ("FISA") materials, the undersigned respectfully recommends that the defendants' motions to disclose FISA materials and to suppress evidence of FISA intercepts be DENIED. The undersigned further recommends that the Court deny the defendants' motion regarding the constitutionality of the FAA. Finally, the undersigned denies

[redacted]

[redacted]

the defendants' motion for reconsideration of this Court's Order (DE# 105) and vacates his May 6, 2013 Order (DE# 77) that required the government to" disclose to the defendants: (1) whether the electronic surveillance described in the government's FISA notices (DE# 9 and 10) was conducted pursuant to the pre-2008 provisions of FISA or instead, the FAA; and 2) whether the affidavit or other evidence offered in support of any FISA order relied on information obtained under or derived from an FAA surveillance order." (DE# 77, at 2)

DISCUSSION

The defendants seek materials that were presented to the Foreign Intelligence Surveillance Court ("FISC"), including the resulting FISC orders, which provided the legal basis for the electronic surveillance and physical searches from which some of the evidence that will be used against them was acquired. By requesting the disclosure of the underlying applications for FISA warrants, which calls for the disclosure of the FISA materials, the defendants are seeking discovery material that FISA specifically protects from disclosure, except as provided by 50 U.S.C. § 1806(f) and (g) (*i.e.* disclosure is necessary for the Court to make a determination of the legality of the surveillance or physical search, or if due process requires discovery and disclosure). Additionally, the defendants seek to suppress evidence acquired from the electronic surveillance and physical searches pursuant to FISA. Finally, the defendants seek reconsideration of the undersigned's Order that stayed an Order that required the government to disclose whether any FISA applications and orders relied on information derived or obtained from FAA authorized surveillance until the undersigned completed his *ex parte, in camera* review.

[redacted]

"The Court must grant a motion to suppress the fruits of a search or surveillance if it determines that the search or surveillance 'was not lawfully authorized or conducted.'" United States v. Campa, 529 F.3d 980, 993 (11th Cir. 2008) (quoting 50 U.S.C. §§ 1806(g), 1825(h)). In Campa, the Eleventh Circuit explained:

> An application for a search or surveillance under the Act must contain certain certifications by a designated official of the executive branch, such as the Director of the Federal Bureau of Investigation, that the information sought is foreign-intelligence information, 50 U.S.C. §§ 1804(a)(7)(A), 1823(a)(7)(A); the purpose of the searches and surveillance is "to obtain foreign intelligence information," 50 U.S.C. §§ 1804(a)(7)(B), 1823(a)(7)(B); and the information sought cannot "reasonably be obtained by normal investigative techniques," 50 U.S.C. §§ 1804(a)(7)(C), 1823(a)(7)(C). The certification also must designate the "type of foreign intelligence information being sought," 50 U.S.C. §§ 1804(a)(7)(D), 1823(a)(7)(D); and include a statement that describes the basis for the certifications that the information sought is the type designated and that the information could not reasonably be obtained by normal investigative techniques, , 50 U.S.C. §§ 1804(a)(7)(E), 1823(a)(7)(E).

Id.

In the present case, the Attorney General filed a declaration in this case stating that disclosure of the FISA materials or an adversary hearing would harm the national security of the United States. (DE# 132-1) The undersigned has reviewed the applications, affidavits, orders, and other FISA-related materials to assess the legality of the surveillance and searches here. See United States v. Mubayyid, 521 F. Supp. 2d 125, 131 (D. Mass. 2007); United States v. Rosen, 447 F. Supp. 2d 538, 545 (E.D. Va. 2006). This review was made *in camera* and *ex parte* as required by statute. See 50 U.S.C.A. §§ 1806(f), 1825(g); see also United States v. Belfield, 692 F.2d 141, 147 (D.C. Cir. 1982). This *in camera, ex parte* review process under FISA satisfies due process under the United States Constitution. See, e.g., United States v. El-Mezain, 664 F.3d 467, 567 (5th Cir. 2011); United States v. Abu-Jihaad, 630 F.3d 102, 117 (2d Cir. 2010); United States v.

[redacted]

Damrah, 412 F.3d 618, 624 (6th Cir. 2005); United States v. Butenko, 494 F.2d 593, 607 (3d Cir. 1974). In conducting the review, the Court may disclose the FISA materials "only where such disclosure is necessary to make an accurate determination of the legality of the surveillance [or search]." 50 U.S.C.A. § 1806(f); see United States v. Daoud, 755 F.3d 479 (7th Cir. 2014). In Daoud, the Seventh Circuit reversed the Daoud district court decision upon which the defendants rely because it improperly required disclosure of FISA materials. See United States v. Daoud, Case No. 12cr723, 2014 WL 321384 (N.D. Ill. Jan. 29, 2014), rev'd, 755 F.3d 479 (7th Cir. 2014) (finding that the district court disobeyed the FISA statute and reversing the district court order requiring disclosure of FISA materials), opinion supplemented in __ F.3d __, 2014 WL 3734136 (7th Cir. July 14, 2014).

The undersigned recommends that the Court make the following findings:

1) the President has authorized the Attorney General to approve applications for electronic surveillance and for physical searches for foreign intelligence information and purposes (50 U.S.C.A. §§ 1804(a)(7)(A) and (B), 1823(a)(7)(A) and (B));
2) each of the applications was made by a federal officer and approved by the Attorney General (50 U.S.C.A. §§ 1805(a)(1), 1824(a)(1));
3) each of the applications contained facts establishing probable cause to believe that the target of the electronic surveillance or physical search was at the time an agent of a foreign power (50 U.S.C.A. §§ 1801(b)(2), 1805(a)(2)(A), 1824(a)(2)(A));

[redacted]

4) no United States person was determined to be an agent of a foreign power solely upon the basis of activities protected by the First Amendment (50 U.S.C.A. §§ 1805(a)(2)(A), 1824(a)(2)(A));

5) each of the applications made pursuant to §1804 contained facts establishing probable cause to believe that each of the facilities or places at which the electronic surveillance was directed was being used, or was about to be used, by a foreign power or an agent of a foreign power (50 U.S.C.A. § 1805(a)(2)(B));

6) each of the applications made pursuant to § 1823 contained facts establishing probable cause to believe that the premises or property to be searched was or was about to be owned, used, possessed by, or was in transit to or from an agent of a foreign power or a foreign power (50 U.S.C.A. § 1824(a)(2)(B));

7) the minimization procedures included with the applications and orders of the judge met the requirements of § 1801(h) or § 1821(4) (50 U.S.C.A. §§ 1805(a) (3), 1824(a) (3)).

8) each application contained all statements and certifications required by § 1804 or § 1823 (50 U.S.C.A. §§ 1805(a)(4), 1824(a)(4));

9) no certification in an application for a target who was at the time a United States person was clearly erroneous on the basis of the statement made pursuant to § 1804(a)(6)(E) or § 1823(a)(6)(E) or any other information furnished under § 1804(c) or 1823(c) (50 U.S.C.A. §§ 1805(a)(4), 1824(a)(4));

10) a "significant purpose" of the government's collection pursuant to FISA was to collect foreign intelligence information (50 U.S.C.A. § 1804(a)(6)(B)); see, United States v.

[redacted]

Duka, 671 F.3d 329, 342-345 (3d Cir. 2011) (finding and the "significant purpose" standard is constitutional under the Fourth Amendment).

11) each of the orders issued by the Foreign Intelligence Surveillance Court (FISC) satisfied the requirements of § 1805(c) or § 1824(c); and

12) each of the orders issued by the FISC satisfied the requirements of § 1805(d) or § 1824(d).

Additionally, this Court should find that the defendants made no preliminary showing of a knowing or intentionally false statement (or one made with reckless disregard for the truth) in the FISA applications that would entitle them to a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). There is no indication of any such false statements in the FISA applications. Thus, a Franks hearing is not warranted in this matter.

This Court should further find that disclosure to the defendants' counsel of the FISA materials is not required pursuant to Section 1806(f) because the Court was able to make an accurate determination of the legality of the electronic surveillance and physical search without disclosing the FISA materials or any portions thereof. See, United States v. Daoud, 755 F.3d 479, 485 (7th Cir. 2014) ("So clear is it that the materials were properly withheld from defense counsel that there is no need for a remand to enable the district judge to come to the same conclusion, because she would have to do so.")

This Court should also find that because the government does not intend to introduce or otherwise use or disclose evidence obtained or derived from FAA surveillance (50 U.S.C.A. §1881(a)), against the defendants in this case, the defendants' motion to disclose the FISA materials and suppress evidence on FAA-related grounds is moot. See, United States v. Abdi,

[redacted]

498 F. Supp. 2d 1048, 1087 (S.D. Ohio 2007) (denying as moot defendant's request to suppress evidence obtained under FISA-authorized surveillance where government maintained that it would not introduce any FISA evidence); see also United States v. Hussein, Case No. 13CR1514-JM, 2014 WL 1682845, at *3 (S.D. Calif. April 29, 2014) (denying as moot defendant's motion to disclose the FISA materials and suppress evidence on FAA-related grounds because the government did not intend to introduce or otherwise use or disclose evidence obtained or derived from FAA surveillance).

Finally, the undersigned recommends that the Court find that the FISC's record is sufficiently adequate in providing all the information needed to overcome the concerns and arguments raised by the defendants in their motion for disclosure of FISA materials. Thus, there is no valid, legal reason for disclosure of the information the defendants seek in their motion for disclosure and their motions for disclosure should be denied. 50 U.S.C.A. §§ 1801(a)(4), 1805(b)(2)(C)); see United States v. Daoud, ___ F.3d ___, Case No. 14-1284, 2014 WL 3734136 (7th Cir. July 14, 2014); United States v. Abu Jihaad, 630 F.3d 102, 129 (2d Cir. 2010) ("disclosure of FISA materials 'is the exception and *ex parte*, *in camera* determination is the rule'")(quoting United States v. Stewart, 590 F.3d 93, 129 (2d Cir. 2008)); United States v. Duggan, 743 F.2d 59, 78 (2d Cir. 1984) (holding that disclosure should occur only if the court determines such disclosure is necessary to make an accurate determination of the legality of the surveillance). Additionally, as argued by the government, to disclose the information and materials sought by the defendants would pose a substantial threat to the national security of the United States by damaging the government's ability to gather vital intelligence information. As such, the undersigned

[redacted]
recommends that the Court conclude that the government's interest in preventing disclosure of the national security information involved outweighs the defendants' need to have the information.

## I. Probable Cause/Agent of Foreign Power

S. Qazi argues that "there was no probable cause to believe that [he] was an agent of a foreign power prior to the government applying to the FISC for a FISA order. Nor was there probable cause to believe that the physical property that was searched contained foreign intelligence information." (DE# 143, at 2). S. Qazi contends that the FISA orders should not have been issued because "the government did not have probable cause to believe that Mr. Qazi was engaged in criminal activity." Id. at 3.

The FISA applications in this case are supported by probable cause to believe that [redacted] was "an agent of a foreign power" and that the information acquired from the resulting surveillance should not be suppressed. See 50 U.S.C.A. §§ 1801(b), 1805(a)(2). "[A]nyone–even if a United States citizen—who 'knowingly engages in ... international terrorism, or in activities that are in preparation therefor, for or on behalf of' a 'group engaged in international terrorism' qualifies." United States v. Daoud, ___ F.3d ___, 2014 WL 3734136 at *1 (7th Cir. July 14, 2014) (quoting 50 U.S.C.A. §§ 1801(a)(4), 1805(b)(2)(C); and United States v. Aldawsari, 740 F.3d 1015, 1018-19 (5th Cir. 2014)); see United States v. Duka, 671 F.3d 329, 338 (3rd Cir. 2011). Anyone who knowingly aids, abets, or conspires with an agent in furtherance of such activities is likewise defined as an agent of a foreign power. Id. (citing 50 U.S.C.A. § 1801(b)(2)(E)).

The FISA materials reveal ample evidence to satisfy the FISA probable cause requirement. [redacted]

[Pages Redacted]



Additionally, the FISA materials contain facts that support the government's certification that a significant purpose of the surveillance was to gather foreign intelligence information. See United States v. Badia, 827 F.2d 1458,1464 (11th Cir. 1987), cert. denied, 485 U.S. 937 (1998).



## II. Minimization

The undersigned further recommends that the Court find that the government utilized appropriate minimization procedures to ensure the electronic surveillance and physical searches did not exceed the bounds of the authorization provided by the FISC, the government gathered foreign intelligence information as a result of the FISA electronic surveillance and physical searches, and the government did not exceed any time limits imposed for the surveillance and searches. See 50 U.S.C.A. § 1801(h) (defines "minimization procedures"); see Daoud, 2014 WL 3734136, at *1 (7th Cir. July 14, 2014) (redacted supplemental classified opinion)(explaining that the "government also proposed and followed the required 'minimization procedures' to ensure that

no more information than necessary was collected from the target of the electronic surveillance and that the information once obtained would not be shared with anyone lacking a 'need to know' it") (quoting 50 U.S.C.A. § 1805(a)(3), see also § 1081(h)). In Daoud, the Seventh Circuit explained that "[t]he [FISC] has already approved standing minimization procedures that are incorporated into each surveillance application. [redacted]." Id.

[redacted]

## III. Franks Hearing

The defendants also request an adversarial hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). The defendants speculate that the FISA applications may contain intentional or reckless false statements in violation of the Fourth Amendment as a result of "a series of incomplete or inaccurate representations" revealed in "recent declassified FISC opinions." (DE# 228 at 20) As stated by the court in Mohamud in rejecting an identical argument, "[i]f misrepresentations in one case were attributed to the government in unrelated cases, all defendants would be entitled to a Franks hearing without making the required preliminary showing." United States v. Mohamud, Case No. 3:10-CR-00475-KI-1, 2014 WL 2866749, at *31 (D. Or. June 24, 2014) (finding defendant's "speculat[ion] about false statements or omissions ... insufficient to qualify as a substantial preliminary showing"). A defendant is entitled to a Franks hearing only where he has made "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included" in the FISA application and that the allegedly false statement was necessary to the FISC's approval of the application. Franks, 438 U.S. at 155-56. The defendants have made no such substantial preliminary showing here and thus, should not be entitled to a Franks hearing. Mounting such a challenge is difficult without access to the classified materials on which the government relied in obtaining the FISC orders that authorized FISA surveillance and searches. See Daoud, 755 F.3d at 483-84; see also, Mohamud, 2014 WL 2866749, at *31 ("I realize the difficult position the defense team is in, but the denial of a *Franks* hearing is commonplace in the FISA context and goes hand-in-hand with the ex parte judicial review process."). Requiring a defendant to make a substantial preliminary showing that a false statement was included when the defendant has no idea what information was included is

[redacted]

akin to "a blind man striking at an invisible foe." United States v. Dinsio, 468 F.2d 1392, 1394 (9th Cir. 1972) (quoting Chernekoff v. United States, 291 F.2d 721, 724 (9th Cir. 1955)). "The drafters of [FISA] devised a solution: the judge makes the additional determination, based on full access to all classified materials and the defense's proffer of its version of events, of whether it's possible to determine the validity of the Franks challenge without disclosure of any of the classified materials to the defense." Daoud, 755 F.3d at 484; Mohamud, 2014 WL 2866749, at *31. In the present case, the undersigned has made an independent review of all of the materials and has determined that there is no indication of any false statements having been included in the FISA applications. The undersigned recommends that the Court deny the defendants' request for a Franks hearing.

## IV. Notice and Disclosure regarding Whether FISA Order Relied on Information Obtained or Derived from an FAA Order

The defendants acknowledge that they seek "to know whether any FISA order *relied on* information obtained or *derived* from an FAA order—and, accordingly, the request identifies one critical type of FAA-derived evidence for notice purpose." Motion for Reconsideration at 2 (DE# 112). The defendants argue that their "request for notice calls for nothing more than a simple 'yes' or 'no' answer, implicates no classified information, and is directly controlled by the statutory notice provision." Id. (citing 50 U.S.C. § 1806(c)). Although the defendants maintain that they are not seeking to obtain actual copies of the FISA materials regarding the FAA Orders, the defendants' motion constitutes a request to "discover" information contained in the FISA applications (*i.e.* whether FAA material formed the underlying basis for the FISA order), which triggers the *in camera* and *ex parte* review under 50 U.S.C.A. § 1806(f) and 1825(g). Section

1806(f) provides the exclusive mechanism by which a court may determine whether collection obtained pursuant to FISA or Section 702 should be suppressed.

The government argues that the scope of the defendants' request is governed by the framework outlined in 50 U.S.C. §§ 1806 and 1825 and should be denied. "[I]f the Government intends to use or disclose information obtained or derived from a [FAA authorized] acquisition in judicial or administrative proceedings, it must provide advance notice of its intent, and the affected person may challenge the lawfulness of the acquisition." Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1153 (2013) (citing 50 U.S.C. §§ 1806(c), 1806(e), 1881e(a)). The government maintains that notice is not required because the five criteria specified in 50 U.S.C. §§ 1806(c) and 1825(d) are not present. A defendant may move to suppress FISA obtained or derived evidence (including FAA obtained or derived evidence) if he is (1) "a person against whom evidence obtained or derived from" (2) "an electronic surveillance" or physical search (3) "to which he is an aggrieved person" and (4) "is to be, or has been, introduced or otherwise used or disclosed" (5) in a "trial, hearing or other proceeding." 50 U.S.C. §§ 1806(c), 1881e(1) and 1825(d). An "aggrieved person" is "a person who is the target of electronic surveillance or any other person whose communications or activities were subject to electronic surveillance." 50 U.S.C.A. § 1801(k). The government maintains that it "does not intend to use ... evidence obtained or derived from FAA-authorized surveillance in the course of this prosecution." (DE# 131 at 2) Rather, "any FISA-obtained or –derived information that it would enter into evidence was acquired pursuant to Title I and Title III of FISA." (DE# 80 at 2) The government asserts that the classified FISA materials contain ample information for this Court to determine that "no Section

702 obtained or derived evidence as to which a defendant is an aggrieved person is being used in this case." (DE# 234 at 5)(citing DE# 133, 183, 196) (footnote omitted).



[Pages Redacted]

**V. Defendants' Facial Challenge to the Constitutionality of FAA, codified at Section 702 of Title VII of FISA**

Section 702 permits the targeting of non-U.S. persons reasonably believed to be located outside the United States, in order to acquire foreign intelligence information, subject to certain statutory requirements. See 50 U.S.C. §1881a. The defendants present a facial challenge to Section 702 of the FAA and thus, "they bear a heavy burden of persuasion." Crawford v. Marion County Election Bd., 533 U.S. 181, 200 (2008). A challenger "can only succeed in a facial challenge by 'establish[ing] that no set of circumstances exists under which the Act would be valid,' i.e., that the law is unconstitutional in all of its applications." Washington State Grange v. Washington State Republican Party, 522 U.S. 442, 449 (2008) (quoting United States v. Salerno, 481 U.S. 739, 745 (1987)). The government argues that the defendants cannot satisfy the heavy

burden because Section 702 is consistent with the Fourth Amendment, the First Amendment, and Article III of the Constitution.

The FAA provision at issue here "supplements pre-existing FISA authority by creating a new framework under which the government may seek the FISC's authorization of certain foreign intelligence surveillance targeting ... non-U.S. persons located abroad." Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1144 (2013). "Unlike a traditional FISA application for electronic surveillance, an application under the FAA 'does not require the Government to demonstrate probable cause that the target of the electronic surveillance is a foreign power or agent of a foreign power' as long as the surveillance targets 'non-U.S. persons located abroad.'" Daoud, __ F.3d , 2014 WL 3734136 *2 (7th Cir. July 14, 2014) (quoting Clapper, id.). "The FAA also 'eliminated the requirement that the Government describe to the court each specific target and identify each facility at which its surveillance would be directed, thus permitting surveillance on a programmatic, not necessarily individualized, basis.'" Id. (quoting Clapper, id. at 1156)(dissenting opinion); see also 50 U.S.C.A. § 1881a(g). "In short, it's *easier* for the government to conduct lawful electronic surveillance under the FAA than under the traditional FISA provisions. Id.

Defendant S. Qazi asks this Court to declare the FAA unconstitutional because it violates the First and Fourth Amendments to the U.S. Constitutional as well as Article III of the Constitution. (DE# 96, at 1). R. Qazi adopted the motion. (DE# 175, 176) The defendants' initial motion relies exclusively on a legal brief filed five years earlier in a civil case in the Southern District of New York. See Amnesty Int'l v. McConnell, No. 08CV 6259 (KG), DE 10 (S.D.N.Y. October 28, 2008). (DE# 96, at 2). The government argues that there is no suppression or other remedy available to the defendants because the government does not intend to use any

information obtained or derived from FAA-authorized surveillance as to which the defendants are an aggrieved person. (DE# 130, at 1). The government argued further that this Court lacks jurisdiction because any declaration by the Court regarding the constitutionality of the FAA would be an impermissible advisory opinion. Id. at 2-3; (DE# 195, at 2-3); see Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523, 1528 (2013) (explaining that an Article III court must "confine[ ] itself to its constitutionally limited role of adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties involved"); Jacksonville Prop. Rights Ass'n v. City of Jacksonville, 635 F.3d 1266, 1276 (11th Cir. 2011) (finding that a judicial ruling that purports to resolve a legal question that would not "impact [the movant's] substantive rights" constitutes an "impermissible advisory opinion" prohibited by Article III). Additionally, the government maintains that the motion should be denied because 50 U.S.C. § 1806 provides the exclusive remedy and procedure for a challenge. The undersigned agrees and recommends that the Court deny the defendants' motion to declare the FAA unconstitutional without addressing the constitutionality of the FAA because to do so would constitute an impermissible advisory opinion where, as here, the government does not intend to use any information obtained or derived from FAA-authorized surveillance as to which the defendants are an aggrieved person.

## ORDER

Accordingly, it is

ORDERED AND ADJUDGED that the Defendant R. Qazi's Motion for Reconsideration of the Court's Order Granting *In Camera, Ex Parte* Proceeding (DE# 112), which was adopted by S. Qazi (DE# 116, 120) is DENIED. The undersigned's May 6, 2013 Order (DE# 77) is VACATED.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the following motions be DENIED:

1. Defendant Sheheryar Alam Qazi's (hereinafter "S. Qazi") Motion to Compel the Government to Provide Him with Applications, Orders, and Any Other Materials Relating to Electronic Surveillance in the Instant Case (DE# 45), which was adopted by Raees Alam Qazi (hereinafter "R. Qazi"). (DE# 59, 62);
2. Defendant S. Qazi's Motion to Compel the Government to Provide Him with Applications, Orders, and Any Other Materials relating to Physical Search in the Instant Case (DE# 46), which was adopted by R. Qazi (DE# 60, 63);
3. Defendant R. Qazi's Motion to Suppress Evidence Derived from FISA Intercepts (DE# 87), which was adopted by S. Qazi (DE# 92, 95);
4. Defendant S. Qazi's Motion to Suppress Evidence Obtained or Derived from Electronic Surveillance or Physical Search Conducted Pursuant to the Foreign Intelligence Act of 1978 ("FISA"), as Amended, 50 U.S.C.A. §§ 1801-1812 and 1821-1829, as Well as Conducted Pursuant to the FISA Amendments Act of 2008 (DE# 93), which was adopted by R. Qazi (DE# 100, 101); and
5. Defendant S. Qazi's Motion to Declare FISA Amendments Act of 2008 Unconstitutional (DE#96), which was adopted by R. Qazi (DE# 175, 177).

Additionally, the Court should order that the FISA materials and the government's classified submissions be maintained under seal by the Court Security Officer or his or her designee subject to any further orders of this Court or other courts of competent jurisdiction.

[redacted]

Pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), the parties may serve and file written objections to this Report and Recommendation with the Honorable Beth Bloom, United States District Judge, within fourteen (14) days of receipt of a copy of this Report and Recommendation. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. Fed. R. Crim. P. 59(b)(2); see Nettles v. Wainwright, 656 F.2d 986 (5th Cir. 1981).

**It is further ORDERED that the government shall provide a copy of the Classified Report and Recommendation filed on September 3, 2014 to the Classified Information Security Officer so that he may arrange for the appropriate authorities to conduct a classification review and produce a redacted, unclassified version of the Report and Recommendation to the Court and to the defendants' counsel by September 17, 2014.**

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida this 3rd day of September, 2014.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
United States District Judge Bloom
Counsel of Record for the United States of America

[redacted]