UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-60298-CR-BLOOM/VALLE

**UNITED STATES OF AMERICA**,

v.

**RAEES ALAM QAZI,** and
**SHEHERYAR ALAM QAZI**,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

### I.   Introduction

This matter is before the Court upon the following motions:

1. Defendant Sheheryar Alam Qazi's Motion to Compel the Government to Provide Him with Applications, Orders, and Any Other Materials Relating to Electronic Surveillance in the Instant Case, ECF No. [45], which was adopted by Raees Alam Qazi, *see* ECF Nos. [59], [62];

2. Defendant Sheheryar Alam Qazi's Motion to Compel the Government to Provide Him with the Applications, Orders, and Any Other Materials Relating to a Physical Search in the Instant Case, ECF No. [46], which was adopted by Raees Alam Qazi, *see* ECF Nos. [60], [63];

3. Defendant Raees Alam Qazi's Motion to Suppress Evidence Derived from FISA Intercepts, ECF No. [87], which was adopted by Sheheryar Alam Qazi, *see* ECF Nos. [92], [95];

4. Defendant Sheheryar Alam Qazi's Motion to Suppress Evidence Obtained or Derived from Electronic Surveillance or Physical Search Conducted Pursuant to the Foreign

   Intelligence Act of 1978 ("FISA"), as Amended, 50 U.S.C. §§ 1801-1812, 1821-1829, as Well as Conducted Pursuant to the FISA Amendments Act of 2008, ECF No. [93], which was adopted by Raees Alam Qazi, *see* ECF Nos. [100], [101];

5. Defendant Sheheryar Alam Qazi's Motion to Declare the FISA Amendments Act of 2008 Unconstitutional, ECF No. [96], which was adopted by Raees Alam Qazi, *see* ECF Nos. [175], [177]; and

6. Defendant Raees Alam Qazi's Motion for Reconsideration of the Court's Order Granting *In Camera, Ex Parte* Proceeding, ECF No. [112], which was adopted by Sheheryar Alam Qazi, *see* ECF Nos. [116], [120].

All of these motions were previously referred to the Honorable John J. O'Sullivan. *See* ECF Nos. [47], [55], [167]. On September 5, 2014, Judge O'Sullivan issued a Report and Recommendation and an Order on the Motion for Reconsideration. *See* ECF Nos. [245], [250] (redacted).

In the Order, Judge O'Sullivan denied the Motion for Reconsideration, ECF No. [112], and vacated the Order, ECF No. [77], which granted Defendant Sheheryar Alam Qazi's Motion to Compel the Government to Provide Him with Advance Notice of Its Intent to Use or Disclose Information Obtained or Derived Pursuant to the FISA Amendments Act ("FAA"), 50 U.S.C. § 1881a, ECF No. [67]. The Court's Order, now-vacated, had required the Government to disclose to Defendants: (1) whether the electronic surveillance described in the Government's FISA notices, ECF Nos. [9], [10], was conducted pursuant to the pre-2008 provisions of FISA or, instead, the FAA; and (2) whether the affidavit and other evidence offered in support of any FISA order relied on information obtained under or derived from an FAA surveillance order. *See* ECF No. [77] at 1.

In his Report, Judge O'Sullivan recommended that the Court deny all remaining Motions, ECF Nos. [45], [46], [87], [93], and [96]. Defendant Raees Alam Qazi timely filed his Objections to the Report and Recommendation, ECF No. [251], and the Government filed its Response, ECF No. [245]. Having considered Judge O'Sullivan's classified Report & Recommendations, the Defendants' Objections, the record (including the classified portions), the parties' briefs and supplemental filings, and having made a *de novo* review of the portions of the report to which the Defendant has objected, *see Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)), this Court finds Judge O'Sullivan's Report and Recommendation to be well reasoned and correct.[1]

## II.     Findings

The Court makes the following findings:

1.     The President has authorized the Attorney General to approve applications for electronic surveillance and for physical searches for foreign intelligence information purposes. *See* 50 U.S.C. §§ 1804(a)(6)(A)-(B), 1823(a)(6)(A)-(B);

2.     Each of the applications was made by a federal officer and approved by the Attorney General. *See* 50 U.S.C. §§ 1805(a)(1), 1824(a)(1);

3.     Each of the applications contained facts establishing probable cause to believe that the target of the electronic surveillance or physical search was at the time an agent of a foreign power. *See* 50 U.S.C. §§ 1801(b)(2), 1805(a)(2)(A), 1824(a)(2)(A);

4.     Each of the applications made pursuant to 50 U.S.C. § 1804 contained facts establishing probable cause to believe that each of the facilities or places at which the electronic

---

[1] As explained below, some of Defendant's objections relate to Judge O'Sullivan's order on Defendants' Motion for Reconsideration. The Court conducts a *de novo* review of these objections as well. *See Smith v. School Bd. of Orange Cnty.*, 487 F.3d 1361, 1365 (11th Cir. 2007) (citing Fed. R. Civ. P. 72(a)).

surveillance was directed was being used, or was about to be used, by a foreign power or an agent of a foreign power.  *See* 50 U.S.C. § 1805(a)(2)(B);

5.   Each of the applications made pursuant to 50 U.S.C. § 1823 contained facts establishing probable cause to believe that the premises or property to be searched was or was about to be owned, used, possessed by, or was in transit to or from an agent of a foreign power or a foreign power.  *See* 50 U.S.C. § 1824(a)(2)(B);

6.   No United States person was determined to be an agent of a foreign power solely upon the basis of activities protected by the First Amendment.  *See* 50 U.S.C. § 1805(a)(2)(A), 1824(a)(2)(A);

7.   The minimization procedures included with the applications and orders met the requirements of 50 U.S.C. §§ 1801(h) or 1821(4).  *See* 50 U.S.C. § 1805(a)(3), 1824(a)(3);

8.   Each application contained all statements and certifications required by 50 U.S.C. §§ 1804 or 1823.  *See* 50 U.S.C. § 1805(a)(4), 1824(a)(4);

9.   No certification in an application for a target who was at the time a United States person was clearly erroneous on the basis of the statement made under 50 U.S.C. §§ 1804(a)(6)(E) or 1823(a)(6)(E) or any other information furnished under 50 U.S.C. §§ 1804(c) or 1823(c).  *See* 50 U.S.C. §§ 1805(a)(4), 1824(a)(4);

10.  A "significant purpose" of the government's collection pursuant to FISA was to collect foreign intelligence information.  *See* 50 U.S.C. § 1804(a)(6)(B).  *See also United States v. Duka*, 671 F.3d 329, 342-45 (3d Cir. 2011) ("significant purpose" standard is constitutional under the Fourth Amendment);

11.  Each of the orders issued by the Foreign Intelligence Surveillance Court ("FISC") satisfied the requirements of 50 U.S.C. §§ 1805(c) or 1824(c);

12. Each of the orders issued by the FISC satisfied the requirements of 50 U.S.C. §§ 1805(d) or 1824(d);

13. The Defendants have not made a preliminary showing of a knowing or intentionally false statement (or one made with reckless disregard for the truth) in the FISA applications that would entitle them to a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978);

14. Disclosure of the FISA materials to Defendants' counsel is not required under 50 U.S.C. § 1806(f) because the Court was able to make an accurate determination of the legality of the electronic surveillance and physical search without the need to disclose the FISA materials or any portions thereof. *See United States v. Daoud*, 755 F.3d 479, 485 (7th Cir. 2014), *supplemented by* 761 F.3d 678 (7th Cir. 2014);

15. Because the government does not intend to introduce or otherwise use or disclose evidence obtained or derived from FAA surveillance, *see* 50 U.S.C. §§ 1806(c), 1806(e), 1881(a), against the Defendants in this case, the Defendants' motion to disclose the FISA materials and suppress evidence on FAA-related grounds is moot. *See United States v. Abdi*, 498 F. Supp. 2d 1048, 1087 (S.D. Ohio 2007); *Jacksonville Prop. Rights Ass'n v. City of Jacksonville*, 635 F.3d 1266, 1276 (11th Cir. 2011).

16. The record of the FISC is sufficiently adequate in providing all of the information needed to overcome the concerns and arguments raised by the Defendants in their motion for disclosure of FISA materials. *See, e.g.*, *United States v. Daoud*, 755 F.3d 479, 485 (7th Cir. 2014), *supplemented by* 761 F.3d 678 (7th Cir. 2014).

17. Disclosure of the information and materials sought by Defendants would pose a substantial threat to the national security of the United States by damaging the government's

ability to gather vital intelligence information. The government's interest in preventing disclosure of the national security information outweighs the Defendants' need to have the information. *See id*.

### III. Defendants' Objections

Defendant Raees Alam Qazi timely filed objections to Judge O'Sullivan's Report. *See* ECF No. [251]. The Defendant's objections, as explained below, do not merit conclusions different from those reached by Judge O'Sullivan.[2]

The Defendant's objections challenge four specific issues: first, Defendant argues that the Government must disclose its interpretation of "derived from" in 50 U.S.C. § 1806; second, Defendant argues they he is entitled to discovery concerning the Government's interception of his communications under the FAA; third, Defendant argues that a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978) is merited; and fourth, Judge O'Sullivan should have reached the issue of whether the FAA is constitutional.

First, Defendant argues that the Government must disclose its interpretation of "derived from" in 50 U.S.C. § 1806 in order for Defendants and the Court to have a meaningful opportunity to assess the arguments advanced by the Government that the Defendants lack standing to challenge the constitutionality of the FAA. Defendant bases this argument on the Government's "history of failing to provide notice of FAA surveillance when it was required to do so, based on its own narrow and legally untenable interpretation of its notice obligations;" "public statements and disclosures, including those of Senator Dianne Feinstein and the Privacy and Civil Liberties Oversight Board, strongly suggest that the FBI relied on FAA surveillance in

---

[2] The Court notes that almost the entirety of Defendant's objections, save a few occasional edited passages, consists of the exact arguments as Defendants advanced in their response to the Government's memorandum on the constitutionality of the FAA, presented in an almost verbatim fashion. *Compare* ECF No. [228] at 8-71, *with* ECF No. [251]. Thus, the Court will address each of the Defendant's objections in this *de novo* review.

its investigation in this case;" and "because the Government should not be the sole arbiter of whether [Defendants] are entitled to notice, at least not in close cases where it has a plain interest in construing the [Defendants'] rights far too narrowly." ECF No. [251] at 2.

This is a challenge that requires deciding two issues. The first is whether the Government should disclose if any FISA applications and orders relied on information derived or obtained from FAA authorized surveillance—the subject of Defendants' Motion for Reconsideration. *See* ECF No. [112] at 2 ("Rather, Defendant seeks only to know whether any FISA order *relied on* information obtained or *derived* from an FAA order—and accordingly, the request identifies one critical type of FAA-derived evidence for notice purposes.") (emphasis in original). The second issue is whether the Court properly conducted an *ex parte*, *in camera* review. Addressing the first challenge necessarily requires the addressing of the second challenge. Defendant argues that disclosure of additional information and an adversarial hearing with full defense participation are required by both FISA and the Constitution, and Defendant seeks disclosure of the applications for the FISA warrants and the corresponding FISC orders.

"[I]f the Government intends to use or disclose information obtained or derived from a [FAA authorized] acquisition in judicial or administrative proceedings, it must provide advance notice of its intent, and the affected person may challenge the lawfulness of the acquisition." *Clapper v. Amnesty Int'l USA*, __ U.S. __, __, 133 S. Ct. 1138, 1154 (2013) (citing 50 U.S.C. §§ 1806(c), 1806(e), 1881e(a)). Section 1806(c) provides as follows:

> Whenever the Government intends to enter into evidence or otherwise use or disclose in any trial, hearing, or other proceeding in or before any court, department, officer, agency, regulatory body, or other authority of the United States, against an aggrieved person, any information obtained or derived from an electronic surveillance of that aggrieved person pursuant to the authority of this subchapter, the Government shall, prior to the trial, hearing, or other proceeding or at a reasonable time prior to an effort to so disclose or so use that information or submit it in evidence, notify the aggrieved person and the court or other

>authority in which the information is to be disclosed or used that the Government intends to so disclose or so use such information.

50 U.S.C. § 1806(c). *See also* 50 U.S.C. § 1825(d) (same for physical searches); 50 U.S.C. § 1881e(a) ("Information acquired from an acquisition conducted [under the FAA] shall be deemed to be information acquired from an electronic surveillance pursuant to subchapter I of this chapter for purposes of section 1806 of this title, except for the purposes of subsection (j) of such section."). "'Aggrieved person' means a person who is the target of an electronic surveillance or any other person whose communications or activities were subject to electronic surveillance." 50 U.S.C. § 1801(k). The government has indicated that it will not use evidence obtained or derived from FAA-authorized surveillance as to which Defendants are aggrieved persons in the course of this prosecution. The Government shall be held to this assertion, and accordingly, notice is not merited.

FISA is explicitly clear that an *ex parte*, *in camera* review—not an adversarial hearing—is required where, as here, a motion to suppress FISA evidence is made or "whenever any motion or request is made by an aggrieved person . . . to discover or obtain applications or orders or other materials relating to electronic surveillance or to discover, obtain, or suppress evidence or information obtained or derived from electronic surveillance," "if the Attorney General files an affidavit under oath that disclosure or an adversary hearing would harm the national security of the United States." *See* 50 U.S.C. § 1806(f). In *Daoud*, a case which Defendants do not substantively address, the Seventh Circuit reversed a district court order granting access to FISA materials because "although [the district judge] read the FISA materials and concluded that she was 'capable of making such a determination . . . of the surveillance,' she refused to make the determination, which if she was right in thinking she could make an accurate determination

would have obviated the necessity for—and therefore the lawfulness of—disclosure of the classified materials to defense counsel." *Daoud*, 755 F.3d at 482.

The Court has properly conducted a *de novo*, *ex parte*, *in camera* review of the materials. Compelling reasons of national security require these materials to be classified. Disclosure of these materials and an adversarial hearing are not merited. Upon the Court's review, the Court finds the investigation in this case did not violate FISA. The FISA applications are supported by probable cause to believe that Defendants were "an agent of foreign power" under FISA, and, as such, suppression is not merited. The Court finds the reasoning in Judge O'Sullivan's classified Report¸ *see* ECF No. [250] (redacted), to be well-reasoned and correct. *See* 50 U.S.C. §§ 1801(b), 1801(b)(2)(E), 1805(a)(2). *See also Daoud*, 761 F.3d at 681 (citing 50 U.S.C. §§ 1801(a)(4); 1805(b)(2)(C); *United States v. Aldawsari*, 740 F.3d 1015, 1018-19 (5th Cir. 2014)); *United States v. Duka*, 671 F.3d 329, 338 (3d Cir. 2011).

Defendants argue that disclosure is required by the Fifth Amendment's due process clause. FISA's command of an *in camera*, *ex parte* review where the Court has discretion to disclose, rather than a requirement of disclosure coupled with an adversarial hearing, does not violate due process. *See United States v. El-Mezain*, 664 F.3d 467, 567 (5th Cir. 2011); *United States v. Abu-Jihaad*, 630 F.3d 102, 117 (2d Cir. 2010); *United States v. Damrah*, 412 F.3d 618, 624 (6th Cir. 2005); *United States v. Butenko*, 494 F.2d 593, 607 (3d Cir. 1974).

A *Franks* hearing is merited "where the defendant makes a substantial preliminary showing that a false statement knowing and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." *Franks*, 438 U.S. at 155-56. Defendant argues that he is entitled to a *Franks* hearing because the Government failed to comply with the mandatory

9

pretrial notice for FAA surveillance, "demonstrating at least reckless disregard for the requirements of § 1806(c)," and because of "a record of affirmative misrepresentations and omissions made by the government in its applications for § 1881a authorizations." ECF No. [251] at 19. These arguments fail because no pretrial notice for FAA surveillance was merited, *see supra* at 8, and a *Franks* hearing is not warranted because, after review, the Court finds no basis to discern that the applications may contain intentional or reckless material falsehoods. The Defendant's reliance on "a record of affirmative misrepresentations and omissions" is an insufficient basis for the Court to conduct a *Franks* hearing. *See Daoud*, 755 F.3d at 483-84; 761 F.3d at 682.

Finally, turning to the issue of the FAA's constitutionality, the Court finds that because the Government has indicated that it will not use evidence obtained or derived from FAA-authorized surveillance as to which Defendants are aggrieved persons in the course of this prosecution, this issue is moot. Contrary to Defendant's assertion, disclosure of the Government's definition of "derived from" is not necessary for the Court to decide this issue.

### IV. Conclusion

Being fully advised, it is hereby **ORDERED AND ADJUDGED** that:

1. Magistrate Judge O'Sullivan's Report and Recommendation, **ECF No. [245]**, is hereby **ADOPTED**, and Defendant's Objections, **ECF No. [251]**, are **OVERRULED**;

2. Defendant Sheheryar Alam Qazi's Motion to Compel the Government to Provide Him with Applications, Orders, and Any Other Materials Relating to Electronic Surveillance in the Instant Case, **ECF No. [45]**, is **DENIED**;

3. Defendant Sheheryar Alam Qazi's Motion to Compel the Government to Provide Him with the Applications, Orders, an Any Other Materials relating to the Physical Search in the Instant Case, **ECF No. [46]**, is **DENIED**;

4. Defendant Raees Alam Qazi's Motion to Suppress Evidence Derived from FISA Intercepts, **ECF No. [87]**, which was adopted by Sheheryar Alam Qazi, is **DENIED**;

5. Defendant Sheheryar Alam Qazi's Motion to Suppress Evidence Obtained or Derived from Electronic Surveillance or Physical Search Conducted Pursuant to the Foreign Intelligence Act of 1978 ("FISA"), as Amended, 50 U.S.C. §§ 1801-1812, 1821-1829, as Well as Conducted Pursuant to the FISA Amendments Act of 2008, **ECF No. [93]**, is **DENIED**;

6. Defendant Sheheryar Alam Qazi's Motion to Declare FISA Amendments Act of 2008 Unconstitutional, **ECF No. [96]**, is **DENIED**.

7. The Clerk shall maintain the FISA Materials and the Government's classified information **UNDER SEAL** by the Court Security Officer or his or her designee subject to any further orders of this Court or other courts of competent jurisdiction.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 28th day of October, 2014.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record